**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
NORTHERN DISTRICT OF FLORIDA

Case number *(if known)* _____    Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Campbellton-Graceville Hospital Corporation** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **59-6139709** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5429 College Drive**<br>**Graceville, FL 32440**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Jackson**<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.cghospital.com**

6. **Type of debtor**
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  **Campbellton-Graceville Hospital Corporation**  Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

- ☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    __6221__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

Debtor  **Campbellton-Graceville Hospital Corporation**    Case number (*if known*) _____
     Name

11. **Why is the case filed in *this district*?**  *Check all that apply:*

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other

    **Where is the property?** _____
       Number, Street, City, State & ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
            Contact name _____
            Phone _____

■ **Statistical and administrative information**

13. **Debtor's estimation of available funds**  *Check one:*

    ■ Funds will be available for distribution to unsecured creditors.

    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**

    ☐ 1-49
    ☐ 50-99
    ☐ 100-199
    ■ 200-999
    ☐ 1,000-5,000
    ☐ 5001-10,000
    ☐ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

15. **Estimated Assets**

    ☐ $0 - $50,000
    ☐ $50,001 - $100,000
    ☐ $100,001 - $500,000
    ☐ $500,001 - $1 million
    ■ $1,000,001 - $10 million
    ☐ $10,000,001 - $50 million
    ☐ $50,000,001 - $100 million
    ☐ $100,000,001 - $500 million
    ☐ $500,000,001 - $1 billion
    ☐ $1,000,000,001 - $10 billion
    ☐ $10,000,000,001 - $50 billion
    ☐ More than $50 billion

16. **Estimated liabilities**

    ☐ $0 - $50,000
    ☐ $50,001 - $100,000
    ☐ $100,001 - $500,000
    ☐ $500,001 - $1 million
    ☐ $1,000,001 - $10 million
    ■ $10,000,001 - $50 million
    ☐ $50,000,001 - $100 million
    ☐ $100,000,001 - $500 million
    ☐ $500,000,001 - $1 billion
    ☐ $1,000,000,001 - $10 billion
    ☐ $10,000,000,001 - $50 billion
    ☐ More than $50 billion

Debtor **Campbellton-Graceville Hospital Corporation**
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May  5, 2017**
MM / DD / YYYY

**X /s/ Marshall Glade**
Signature of authorized representative of debtor

**Marshall Glade**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

**X /s/ Brian G Rich**
Signature of attorney for debtor

Date **May  5, 2017**
MM / DD / YYYY

**Brian G Rich**
Printed name

**Berger Singerman LLP**
Firm name

**313 North Monroe Street
Suite 301
Tallahassee, FL 32301**
Number, Street, City, State & ZIP Code

Contact phone **850-561-3010**   Email address **brich@bergersingerman.com**

**038229**
Bar number and State

# CORPORATE RESOLUTION

On this __3rd__ day of May 2017, the Board of Directors (the "Board") of Campbellton-Graceville Hospital Corporation, a Florida corporation, having convened a meeting, upon proper notice, or pursuant to applicable corporate law, the following was resolved and approved:

1. On May __3__, 2017, the Board authorized and ratified the decision of management of Campbellton-Graceville Hospital Corporation (the "Company") to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on behalf of the Company (the "Chapter 11 Case") in the United States Bankruptcy Court for the Northern District of Florida (the "Court") and to execute and deliver any and all documents required by, or necessary or appropriate with respect to, the filing and administration of the Chapter 11 Case (collectively, the "Chapter 11 Documents);

2. The Board further elected to employ the law firm of Berger Singerman LLP to represent the Company as its general bankruptcy counsel for the Company, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case, and in connection therewith, the Board, be and each of them, acting alone or in any combination, is authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman;

3. The Board further authorized the employment by the Company of GlassRatner Advisory & Capital Group, LLC ("GlassRatner") to provide the services of a Chief Restructuring

7626571-2

Officer ("CRO") to the Company in conjunction with the Chapter 11 Case and all related matters and the appointment of Marshall Glade as CRO; and in connection therewith, the Board be and each of them, acting alone or in any combination, hereby is, authorized, directed, empowered, on behalf of and in the name of the Company to execute appropriate retention agreements (and any and all rights, powers and authority granted by the Company to GlassRatner and/or to the CRO to take action and/or to make and implement decisions, on behalf of, and in the name of, the Company in which retention agreements are hereby approved, ratified and confirmed for all purposes), to pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case; and to cause to be filed an appropriate application for authority to retain the services of GlassRatner;

4. The Board further authorized GlassRatner and the CRO to prepare and execute (i) all Chapter 11 Documents; and (ii) all documents, certificates and instruments required by, referenced or described in, or related to, the Chapter 11 Case; and further authorized the Company's general counsel to execute letters of engagement with Berger Singerman LLP;

5. The Board further authorized the CRO of the Company to execute and deliver the Chapter 11 Documents in the name and on behalf of the Company, or otherwise to take all actions (including, without limitation, (i) negotiation, execution, delivery, and filing of any agreements, certificates, or other instruments or documents, (ii) the payment of any consideration, and (iii) the payment of expenses and taxes, as the CRO may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that the CRO deemed the same to be necessary, appropriate or advisable) in order to commence and administer the Chapter 11 Case, and all acts of the CRO taken pursuant to the authority granted herein, or having occurred

2

prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and

6. The Board further authorized and directed the CRO, and counsel for the Company to take all such further actions and execute and deliver all such further instruments and documents in the name and on behalf of the Company under its corporate seal or otherwise, and to incur and pay such expenses as in his or their judgment shall be necessary, proper or advisable in order to carry out the intent and accomplish the purpose of each of the foregoing resolutions.

Dated this __4th__ day of May, 2017.

> CAMPBELLTON-GRACEVILLE HOSPITAL
> CORPORATION
> 5429 College Drive
> Graceville, FL 32440
>
> By: _____
> Heston Hicks, Chairman
> Board of Trustees

3

7626571-2