UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov

IN RE:                                                    Case No. 17-40185-KKS

CAMPBELLTON-GRACEVILLE HOSPITAL
CORPORATION,                                              Chapter 11

      Debtor.

_____/

**NOTICE OF FILING FULLY EXECUTED SETTLEMENT AGREEMENT BETWEEN
(I) DEBTOR, CAMPBELLTON-GRACEVILLE HOSPITAL CORPORATION; (II) THE
<u>PEOPLE'S CHOICE HOSPITAL, LLC AND CERTAIN RELATED PARTIES</u>**

Debtor, Campbellton-Graceville Hospital Corporation (the "Debtor"), by and through its

proposed undersigned counsel, hereby files the fully executed *Settlement Agreement* dated May

18, 2017, entered into between (i) the Debtor; and (ii) People's Choice Hospital, LLC and certain

related parties.

DATED:  May 19, 2017                      Respectfully submitted,

                                         BERGER SINGERMAN LLP
                                         *Proposed Counsel for Debtor and Debtor-in-Possession*
                                         313 North Monroe Street, Suite 301
                                         Tallahassee, FL 32301
                                         Tel. (850) 561-3010
                                         Fax (850) 561-3013

                             By: */s/   Brian G. Rich*
                                     Brian G. Rich
                                     Florida Bar No. 38229
                                     brich@bergersingerman.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the

19th day of May, 2017, by electronic transmission through the Court's CM/ECF system upon all

7884956-1

parties on the attached CM/ECF Service List, and via first class, U.S. Mail to all parties on the

attached Master Service List.

/s/   *Brian G. Rich*
Brian G. Rich

## CM/ECF SERVICE LIST

- Michael Patrick Dickey    mdickey@barronredding.com, chodges@barronredding.com
- Jason H. Egan    jason.h.egan@usdoj.gov
- Brian G. Rich    brich@bergersingerman.com, efile@bergersingerman.com;bwalter@bergersingerman.com;kbeck@bergersingerman.com;sfulghum@bergersingerman.com;efile@ecf.inforuptcy.com
- United States Trustee    USTPRegion21.TL.ECF@usdoj.gov
- Alana Weiss    alan.weiss@hklaw.com, Brenda.reece@hklaw.com

7884956-1                                3

**Campbellton-Graceville Hospital Corporation**
**MASTER SERVICE LIST**
**(Secured Creditors,  Taxing Authorities, 20 Largest**
**Unsecured Creditors, Appearances)**

GE HF S, LLC
20225 Watertower Boulevard
Brookfield, WI 53045

GE HF S, LLC
P.O. Box 414
W-490
Milwaukee, WI 53201

Lenovo Financial Services
10201 Centurion Parkway N.
Suite 100
Jacksonville, FL 32256

ServisFirst Bank
4801 W. Main Street
P.O. Box 6456
Dothan, AL 36302

Watson & Downs Investments LLC
P.O. Box 1207
Dothan, AL 36302

Lenovo Financial Services
21146 Network Place
Chicago, IL 60673-1211

Internal Revenue Service
60 West 14th Street
Panama City, FL 32401

Florida Department of Revenue/Reemployment
5050 W. Tennessee Street
Tallahassee, FL 32399

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7345

The Honorable Loretta E. Lynch
Attorney General of the U.S.
950 Pennsylvania Avenue, NW, Room 4400
Washington, DC 20530-0001

Hon. Christopher P. Canova
U.S. Attorney, Northern District of Florida
111 North Adams Street
4th Floor, U.S. Courthouse
Tallahassee, FL 32301

Sun Ancillary Management
45 N.E. Loop 410
Ste. 215
San Antonio, TX 78216

CGH Holdings Company, Inc.
8835 SW 107th Avenue
Suite 535
Miami, FL

Mission Toxicology, LLC
2145 NW Military Hwy.
Ste 102
San Antonio, TX 78213

B3 Diagnostic Laboratory LLC
P.O. Box 9197
College Station, TX 77842

RAJ Enterprises of Central FL
d/b/a Pinnacle Laboratory Services, LLC
1410 NE 8th Avenue
Ocala, FL 34470

7859422-2

Advanced Clinical Laboratory Solutions
2277-83 Coney Island
Suite 3B
Brooklyn, NY 11223

CMS - Centers For Medicare and Medicaid
P.O. Box 469063
Denver, CO 80246

Auspicious Laboratory, Inc.
7400 Harwin Drive
Houston, TX 77036

Physician Stat Lab, Inc.
c/o Ginger Barry Boyd, Esq.
Broad and Cassel LLP
4100 Legendary Drive, Suite 280
Destin, FL 32541-8608

Gilpin Givhan, PC
P.O. Drawer 4540
Montgomery, AL 36103-4540

State of Florida, Agency for Health Care
Administration
Central Intake Unit
2727 Mahan Drive, Mail Stop 61
Tallahassee, FL 32308

Healthnet (CA)
P.O. Box 9103
Van Nuys, CA 91409

Highmark, Inc.
120 Fifth Avenue
Pittsburgh, PA 15222

Harold S. Israel, Esq.
Goldstein & McClintock, LLP
111 W. Washington Street, Ste. 1221
Chicago, IL 60602

Diagnostic Lab Direct, LLC
912 Holcomb Bridge Rd.
Ste 303
Roswell, GA 30076

Empower H.I.S.
8724 SW 72 Street, #459
Miami, FL

Southwest Laboratories LLC
4225 Office Parkway
Dallas, TX

Our Family Genes
324 6th Ave North
Jacksonville Beach, FL 32250

CIGNA
P.O. Box 188022
Chattanooga, TN 37422-8022

Park Avenue Capital LLC d/b/a MaxMD
2200 Fletcher Ave.
Suite 506
Fort Lee, NJ 07024-5063

Smiths Inc. of Dothan
P.O. Box 1207
Dothan, AL 36302

The People's Choice Hospital, LLC
2000 Spring Road
Suite 200
Oak Brook, IL 60523

Certus Laboratories, LLC
Attn.: Michael Watson
3827 Bienville Boulevard, #10
Ocean Springs, MS 39564

7859422-2

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") dated as of May 18, 2017 is entered into by and between Campbellton-Graceville Hospital Corporation, a Florida not-for profit corporation (including, without limitation, its bankruptcy estate, "**CGH**"), on the one hand, and People's Choice Hospital, LLC, a Delaware limited liability company ("**PCH LLC**"), Emergency Care Dictation Services, Inc. d/b/a Empower Systems, an Illinois limited liability company ("**Empower**"), PCH Lab Services LLC, an Illinois limited liability company ("**PCH Lab Services**" and collectively with PCH, LLC and Empower, "**PCH**"), and Dr. Seth Guterman, M.D. ("**Guterman**" and collectively with PCH , the "**PCH Parties**"), on the other hand.

**WHEREAS**, on May 11, 2015, CGH and PCH LLC entered into certain Consulting Agreement (the "**Consulting Agreement**");

**WHEREAS**, on May 27, 2015, CGH executed that certain Promissory Note (the "**Note**") in the original principal amount of $800,000 in favor of PCH LLC;

**WHEREAS**, to secure CGH's obligations under the Consulting Agreement and the Note, CGH executed that (i) certain Security Agreement dated as of May 27, 2015, as amended by that certain First Amendment to Security Agreement dated as of January 29, 2016, in favor of PCH LLC; (ii) certain Mortgage and Security Agreement (the "**July Mortgage**"), dated July 6, 2015, recorded at O.R. Book 1466, Page 291 of the Public Records of Jackson County, Florida in favor of PCH LLC; and (iii) certain Mortgage and Security Agreement (the "**January Mortgage**" and collectively with the July Mortgage, the "**Mortgages**") dated January 29, 2016, recorded at O.R. Book 1485, Page 140 of the Public Records of Jackson County, Florida, in favor of PCH LLC (the foregoing shall be referred collectively as the "**Security Documents**," and together with the

Note and any and all other documents or agreements executed in connection the Note and the Security Documents, the "**Loan Documents**");

**WHEREAS**, on April 1, 2016, CGH and PCH Lab Services entered into that certain Interim Outpatient Laboratory Management Agreement (collectively, with any other documents or agreements executed in connection therewith, the "**Lab Agreement**," and together with the Consulting Agreement and the Loan Documents, the "**PCH Documents**");

**WHEREAS**, on June 21, 2016, CGH filed a one count complaint against PCH LLC in the Circuit Court for the Fourteenth Judicial Circuit, Jackson County, Florida, captioned as Case No. 2016-CA-136 (the "**State Court Litigation**") and obtained *ex parte* relief prohibiting PCH LLC from having access to CGH's bank accounts and generally banning PCH LLC from CGH's premises. On November 14, 2016, CGH filed a motion for leave to file an amended complaint (the "**Amended Complaint**") which motion was granted on January 12, 2017. The Amended Complaint included a count against Goldstein & McClintock LLLP ("**G&M**");

**WHEREAS**, on March 28, 2017, PCH filed a motion to dismiss and for sanctions (the "**Dismissal and Sanctions Motion**") against CGH and its counsel, Kathryn Michelle Blankenship Jordan, P.A. ("**Jordan**"), pursuant to Florida Statute 57.105;

**WHEREAS**, on May 5, 2017 (the "**Petition Date**"), CGH filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Florida (the "**Court**");

**WHEREAS**, PCH has alleged that is holds first-priority secured claims against substantially all of CGH's assets pursuant to the PCH Loan Documents in excess of $1.3 million (the "**PCH Secured Claim**"), and that among other things, PCH has a valid security interest in all of the CGH's cash (the "**Cash Collateral**");

**WHEREAS**, PCH LLC has alleged a contingent claim (the "**PCH-GE Claim**," and collectively with the PCH Secured Claim, the "**PCH Claims**") against CGH in an unknown amount pursuant to that (i) certain Assignment and Assumption Agreement dated April 1, 2016 by and between CGH, Douglas Community Hospital, Inc. ("**Douglas**") and GE HFS, LLC ("**GE**") whereby CGH assumed the obligations of Douglas under the contracts (the "**GE Contracts**") described therein the (the "**GE Assignment**"); (ii) certain Guaranty dated February 3, 2014 executed by PCH whereby PCH guaranteed the obligations of Douglas under the agreements referred to in the GE Assignment (the "**PCH Guaranty**"); (iii) certain Guaranty dated February 3, 2014 executed by Guterman whereby Guterman guaranteed the obligations of Douglas under the agreements referred to in the GE Assignment  (the "**Guterman Guaranty**"); and (v) Reaffirmation and Amendment of Guaranty dated as of April 1, 2016 executed by PCH and Guterman in favor of GE (the "**Reaffirmation Agreement**" and collectively with the  GE Amendment (and each document or agreement referred to therein), the PCH Guaranty, the Guterman Guaranty and any other documents or agreements executed in connection therewith, the "**GE Documents**");

**WHEREAS**, CGH disputes the PCH Claims and PCH's lien on Cash Collateral and asserts affirmative claims against PCH and the PCH Parties, which PCH and the PCH Parties deny; CGH denies the claims against it in the Dismissal and Sanctions Motion and understands that Jordan similarly denies the claims against her; PCH LLC and G&M deny the claims against them in the Amended Complaint; and CGH disputes the nature and extent of PCH's liens generally and specifically on its Cash Collateral (the "**PCH Collateral Dispute**") and PCH has refused to consent to CGH's use of such Cash Collateral other than on an agreed interim basis.

**WHEREAS**, CGH has alleged in its bankruptcy pleadings that it has claims against PCH with respect to services provided under the Lab Agreement and PCH denies such claims; and

**WHEREAS**, CGH and the PCH Parties have engaged in arms-length negotiations aimed at consensually resolving any and all issues relating to the PCH Claims, the Amended Complaint, the Dismissal and Sanctions Motion, the PCH Documents, the GE Documents, the PCH Collateral Dispute, and the Lab Agreement (collectively, the "**CGH-PCH Disputed Issues**").

**NOW THEREFORE**, in consideration of the promises and mutual obligations and undertakings set forth herein, the parties hereto agree as follows:

1.      The recitals to this Settlement Agreement are hereby incorporated by reference into this Settlement Agreement as if fully set forth herein. This Settlement Agreement will be effective as of the date (the "**Effective Date**") that an order of the Court approving this Agreement, acceptable in form and substance to both CGH and the PCH Parties (the "**Approval Order**"), has been entered and becomes final and non-appealable.  This Settlement Agreement shall be null and void if (i) the Approval Order is not entered on or before 5:00 pm on May 26, 2017 and (ii) the Approval Order has not become a final and non-appealable Order on or before the fifteenth day after entry of the Approval Order.

2.      PCH hereby agrees to, as promptly as reasonably possible following execution of this Agreement and the filing by CGH of a motion to approve the Agreement (which motion must be acceptable in form and substance to PCH), to provide CGH with access and support, without cost, to its Empower software for the purpose of  providing access to all of CGH's records on the Empower system and for the purpose of completing CGH's Medicare cost reports for a reasonable period of time not to exceed sixty days.  After sixty days from PCH granting

CGH access, PCH shall be entitled to assess CGH a reasonable fee for access to such software to the extent such access is necessary. PCH acknowledges that CGH's need for complete access to the information necessary to produce timely and accurate cost reports is a material inducement into entering into this Agreement, and CGH acknowledges that it has been informed and is aware that some but not all information needed to produce such reports is on the Empower software.

3.    The PCH Secured Claim shall be converted to an allowed general unsecured claim in the amount of $500,000 (the "**PCH Allowed General Unsecured Claim**" and collectively with the PCH-GE Claim, the "**PCH Allowed Claims**"); provided that PCH shall not be entitled to a distribution on account of the PCH Allowed General Unsecured Claim until the allowed claims of CGH's other unsecured creditors have either (i) been paid in full (if total allowed unsecured claims are less than $5.0 million) (in which case PCH shall be paid the next $500,0000) or (ii) received an aggregate distribution of $5.0 million on account of their allowed unsecured claims (in which case PCH shall be first paid a "catch up" distribution before creditors receive any additional distributions, thereafter PCH shall be paid *pro rata* with all other creditors), including in each case from the Debtor, any trustee who may be appointed, or any liquidation or litigation trust (the "**Trust**") to be formed in connection with CGH's emergence from chapter 11. For example, if, after the distribution of $5.0 million to general unsecured creditors, such creditors have received 25% recovery on account of their general unsecured claims, then PCH shall be paid the next $125,000 on account of the PCH Allowed General Unsecured Claim. CGH agrees that the PCH Allowed General Unsecured Claim shall be classified with all other general unsecured claims in any chapter 11 plan, subject to its distribution rights as set forth herein. PCH and the PCH Parties shall release their liens and not assert any claims against the Debtor's assets, including cash and the right to use the Cash

Collateral. The PCH Parties shall agree to execute whatever documents are reasonably necessary for the release of the liens.

4.     The PCH-GE Claim shall be an allowed contingent claim in the amount, if any, that PCH and/or Guterman are required to pay under the GE Documents. If the GE Documents are (i) assumed and assigned and PCH and Guterman are released from the PCH Guaranty and the Guterman Guaranty, respectively; or (i) PCH and Guterman are otherwise released from the PCH Guaranty and Guterman Guaranty, respectively, in each case without any payment from PCH or Guterman, the PCH-GE Claim shall be disallowed in its entirety.  CGH agrees that the PCH-GE Claim shall be classified with all other general unsecured claims in any chapter 11 plan.

5.     Except as otherwise set forth in paragraphs, with respect to the PCH Allowed Claims, the PCH Parties hereby waive any of their rights as unsecured creditors in the CGH bankruptcy case to (x) be considered a party in interest under section 1109(b) of the Bankruptcy Code for any purpose; (y) vote on any plan proposed by CGH; except PCH may vote in favor of any plan proposed by CGH; and (z) to otherwise participate in CGH's bankruptcy case.

6.     With respect to the GE Documents, CGH agrees to continue making all payments under the GE Documents until it has determined whether to assume, assume and assign, or reject the GE Documents.  CGH shall not assume, or assume and assign, the GE Documents without either (y) PCH and Dr. Guterman's prior written consent  or (z) obtaining a cancellation of each of the PCH Guaranty and the Guterman Guaranty.  CGH shall not file a motion, plan and disclosure statement or any other pleading to reject the GE Documents without providing PCH and Guterman at least five business days prior written notice.  PCH shall have the right to fully participate in all respects in any Court hearing or proceeding (including, but not limited to, any hearing or proceedings in connection with an assignment, assumption or rejection of the GE

4853-1384-2248, v. 1                                6

Documents, whether pursuant to motion, a plan or disclosure statement, or otherwise) related to, or arising out of, the GE Documents provided that it shall only be heard in connection with issues relating to the GE Documents.

7.      PCH shall cooperate with CGH with respect to any causes of action it may have generally and specifically against third parties not released pursuant to this Agreement, including without limitation, Jorge Perez ("**Perez**"), Empower H.I.S. LLC, a Florida limited liability company ("**Empower HIS**"), and Reliance Laboratory Testing, Inc. ("**Reliance**," and collectively with Perez, Empower HIS and each of their respective successors, assigns, officers, shareholders, directors, employees, attorneys, agents, and properties, past, present, and future, and their respective heirs, successors, and assigns, the "**Lab Parties**") under or related to that certain Reference Laboratory Services and Distribution Agreement dated as of October 1, 2016; provided that no provision of this Settlement Agreement shall preclude PCH or Guterman from asserting their rights against the Lab Parties with respect to any claims that they may have independent of the claims that CGH has against the Lab Parties.

8.      Within three business days of the Effective Date, (i) CGH shall dismiss the State Court Complaint with prejudice and (ii) PCH LLC shall file a withdrawal of its Limited Omnibus Objection to First Day Pleadings (Dkt. No. 22), with prejudice, including its objection to the retention of Michelle Jordan; (iii) CGH shall dismiss that certain appeal pending in the Florida District Court of Appeal for the First District under Case No. 1D17-1200 (the "**First DCA Appeal**"), and PCH shall consent to dismissal of the First DCA Appeal to the extent needed; (iv) PCH shall file a UCC-3 termination statement with respect to its filed UCC-1 financing statement filed with respect to CGH's assets; (v) PCH shall execute a release of each of its Mortgages; and (vi) PCH shall execute any other documents reasonably necessary to

evidence the termination of the Loan Documents. Upon such releases PCH agrees it shall have no further security interest in CGH's assets, specifically including no security interest in CGH's Cash Collateral.

9.      On the Effective Date and subject to paragraph 11, CGH, for itself and on behalf of each of its respective employees, officers, directors, agents, servants, attorneys, trustees, successors, and assigns, and any other party acting or purporting to act on its behalf (hereinafter, collectively the "*CGH Releasors*"), hereby (i) waive any offsets, defenses, claims or counterclaims against each of the PCH Parties, PCH Healthcare Holdings, LLC, a Delaware limited liability company, 21st Century Telemedicine, Ltd., an Illinois corporation, PCH Billing Services, LLC, an Illinois limited liability company, Han Capital, LLC, an Illinois limited liability company, Nikola Turik, Alex Turik, Anthony Shir, Bruce Mogel, John Christopher Alise and Consortium 1, LLC, a Florida limited liability company associated with Mr. Alise, Gary Ayres and Ayres Diagnostic Consulting, LLC, an Florida limited liability company associated with Mr. Ayres, Lori Lehman and PS Lehman, Inc., an Illinois limited liability company associated with Ms. Lehman, John Ratko, and G&M and all of its employees (collectively and individually, the "**PCH Released Parties**"), and (ii) remises, releases and forever discharges each of the PCH Released Parties from all claims, debts, demands, actions, causes of action, suits, accounts, promises, doings, omissions, covenants, contracts, agreements, damages, and liabilities whatsoever, known and unknown, of every name and nature, in law and in equity, which the CGH Releasors now have, or may have, or which the CGH Releasors have ever had through the Effective Date related to CGH and the CGH-PCH Disputed Issues. None of the releases shall be intended to release any parties not specifically identified and shall not be

deemed a release of Perez or any of his affiliates or business entities including but not limited to EMPOWER H.I.S. or any of the Lab Parties.

10. On the Effective Date and subject to paragraph 11, the PCH Parties and the G&M Parties, for themselves and on behalf of each of their respective employees, officers, directors, agents, servants, attorneys, trustees, successors, and assigns, and any other party acting or purporting to act on their behalf (hereinafter, collectively the "*PCH Releasors*"), hereby (i) waive any offsets, defenses, claims or counterclaims against each of CGH, Michelle Blankenship Jordan, Blankenship Jordan, P.A., and all of its employees, and Peggy Moore, Patrick Pelham, Alice Pate, Linda Wheatley, Heston Hicks, Chris Jernigan, and Daniel Fulmer, M.D., (collectively and individually, "*CGH Released Parties*"), and (ii) remises, releases and forever discharges each of the CGH Released Parties from all claims, debts, demands, actions, causes of action, suits, accounts, promises, doings, omissions, covenants, contracts, agreements, damages, and liabilities whatsoever, known and unknown, of every name and nature, in law and in equity, which the PCH Releasors now have, or may have, or which the PCH Releasors have ever had through the Effective Date related to CGH and the CGH-PCH Disputed Issues.

11. Notwithstanding the foregoing, neither the PCH Parties nor CGH release any of their rights to enforce the terms of this Settlement Agreement, and for the avoidance of doubt, PCH does not release the PCH Allowed Claims.

12. None of CGH Released Parties shall disparage any of the PCH Released Parties or otherwise take any action (written or oral) which could reasonably be expected to adversely affect any of the PCH Parties personal or professional reputations. Similarly, none of the PCH Parties shall disparage any of the CGH Released Parties or otherwise take any action (written or oral) which could reasonably be expected to adversely affect the personal or professional

reputations of the CGH Released Parties. The parties agree and acknowledge that this non-disparagement provision is a material term of this Agreement, the absence of which would have resulted in all of the PCH Released Parties and PCH Parties refusing to enter into this Agreement.

13.     This Settlement Agreement is intended to and shall resolve all disputes now existing among the CGH and the PCH Parties.  This Settlement Agreement is entered into solely for the purpose of avoiding the burden and expense of litigation. No party admits any wrongdoing or liability of any kind in connection with the execution of this Settlement Agreement.  None of the PCH Parties, CGH, nor any third-party shall be able to admit or otherwise use this Settlement Agreement or any associated document or pleading in any judicial or administrative proceeding of any kind in any jurisdiction, foreign or domestic, other than to enforce this Settlement Agreement.

14.     This Settlement Agreement may not be assigned by any party to this Settlement Agreement, whether by operation of law or otherwise, without the prior written consent of the other parties to this Settlement Agreement.  Subject to the foregoing, this Settlement Agreement shall bind and benefit the respective heirs, executors, administrators, successors, assigns, parent companies, members, and subsidiaries of PCH Parties and CGH (including, without limitation, CGH's bankruptcy estate and any subsequently appointed trustee (chapter 11, chapter 7 or post-confirmation).

15.     Each provision of this Settlement Agreement shall be interpreted in such a manner as to be effective and valid under applicable law.  If any provision of this Settlement Agreement shall be held to be prohibited by, or invalid under, applicable law, this Settlement Agreement

shall be deemed to be null and void and all of the parties' positions shall be restored to the position they were in on the day prior to the Effective Date.

16.    Each of the PCH Parties and CGH (subject to Court approval with respect to CGH) represent and warrant that it has the authority to enter into this Settlement Agreement.

17.    All understandings and agreements heretofore made between the parties are superseded by and merged into this Settlement Agreement, which alone fully and completely expresses the agreement between the parties relating to its subject matter, and the same is entered into with no party relying upon any statement or representation not embodied in this Settlement Agreement. Any modification of this Settlement Agreement may be made only by an instrument in writing signed by or on behalf of the party to be bound by such modification.

18.    This Settlement Agreement may be executed in any one or more counterparts, each of which shall constitute an original, no other counterpart needing to be produced, and all of which, when taken together, shall constitute but one and the same instrument. The parties agree that telecopy or .pdf signatures shall be deemed originals for the purposes of executing and closing settlement.

19.    Jordan and G&M are intended to, and shall be, third party beneficiaries of this Agreement.

20.    The provisions of this Settlement Agreement shall be (i) binding upon and inure to the benefit of each of CGH and the PCH Parties, G&M and each of their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of CGH (whether a trustee appointed in CGH's chapter 11 case or any trustee appointed or elected upon the conversion of CGH's chapter 11 to case to one under chapter 7 of the Bankruptcy Code) or with respect to the property of the estate of the Debtor), any committee

4853-1384-2248, v. 1                    11

appointed in CGH's bankruptcy case, or upon dismissal of any such chapter 11 or chapter 7 case, or in any other proceedings related to any of the foregoing; and (ii) incorporated into any plan filed in CGH's chapter 11 case.

21.     By executing this Agreement, each of the parties acknowledge that (a) they have consulted with, or have had sufficient opportunity to consult with, an attorney of their choosing regarding the terms of this Settlement Agreement; (b) any and all questions regarding the terms of this Settlement Agreement have been asked and answered to their complete satisfaction; (c) they have read this Settlement Agreement and fully understand its terms and their import; (d) the consideration provided for herein is good and valuable; and (e) they are entering into this Settlement Agreement voluntarily, of their own free will, and without any coercion, undue influence, threat, or intimidation of any kind whatsoever

22.     Whenever the context so requires, the singular shall include the plural and vice versa.  All words and phrases shall be construed as masculine, feminine, or neuter gender, according to the context.

23.     This Settlement Agreement is deemed to have been drafted jointly by the parties and any uncertainty or ambiguity shall not be construed for or against any party as an attribution of drafting to such party.

24.     By execution hereof, each party warrants that it owns and holds the claims being released and further represents, covenants, and warrants that no claim released herein has previously been conveyed, assigned, or in any manner transferred, in whole or in part, to any third party.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement

as set forth below:

**CAMPBELLTON-GRACEVILLE HOSPITAL CORPORATION**

/s/ _____

Printed: _____

Title: _____

Date: _____

**PEOPLE'S CHOICE HOSPITAL, LLC**

/s/ _____

Printed: Seth Guterman MD

Title: President

Date: 5-18-2017

**EMERGENCY CARE DICTATION SERVICES, INC., D/B/A EMPOWER SYSTEMS**

/s/ _____

Printed: Seth Guterman MD

Title: President

Date: 5-18-2017

**PCH LAB SERVICES LLC**

/s/ _____

Printed: Seth Guterman MD

Title: President

Date: 5-18-2017

**DR SETH GUTERMAN**

/s/ _____

Printed: NA

Title: NA

Date: 5-18-2017

**IN WITNESS WHEREOF,** the parties hereto have executed this Settlement Agreement as set forth below:

| | |
|---|---|
| **CAMPBELLTON-GRACEVILLE HOSPITAL CORPORATION** | **PEOPLE'S CHOICE HOSPITAL, LLC** |

/s/ *Marshall Clade*

Printed: Marshall Clade

Title: CRO

Date: 5/18/17

/s/ _____

Printed: _____

Title: _____

Date: _____

| | |
|---|---|
| **EMERGENCY CARE DICTATION SERVICES, INC., D/B/A EMPOWER SYSTEMS** | **PCH LAB SERVICES LLC** |

/s/_____

Printed: _____

Title:_____

Date:_____

/s/_____

Printed: _____

Title:_____

Date:_____

**DR SETH GUTERMAN**

/s/_____

Printed: _____

Title:_____

Date:_____

Agreed to solely for purposes of Paragraphs
9 and 10 of this Agreement:

**GOLDSTEIN & MCCLINTOCK LLLP**

/s/_____

Printed:_____

Date:_____


BLANKENSHIP JORDAN, P.A.
Michelle Blankenship Jordan
/s/ *Michelle BJ*

Printed: *Michelle Blankenship Jordan*

Date: *5-18-17*

4853-1384-2248, v. 1                                           14

Agreed to solely for purposes of Paragraphs
9 and 10 of this Agreement:

**GOLDSTEIN & MCCLINTOCK LLLP**

/s/ _____

Printed: MATTHEW MCCLINTOCK

Date: 5/18/17


BLANKENSHIP JORDAN, P.A.
Michelle Blankenship Jordan
/s/ _____

Printed: _____

Date: _____

4853-1384-2248, v. 1                                    14