# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

IN RE:

CAMPBELLTON-GRACEVILLE
HOSPITAL CORPORATION,

CASE NO.:  17-40185-KKS

CHAPTER:  11

      Debtor.

_____/

## MEMORANDUM OPINION ON *ORDER DENYING MOTION TO DISQUALIFY BROAD AND CASSEL AND FRANK TERZO, ESQ. AS COUNSEL OF THE UNSECURED CREDITORS' COMMITTEE* (DOCS. 400, 517)

On March 2, 2018, the Court entered its *Order Denying Motion to Disqualify Broad and Cassel and Frank Terzo, Esq. as Counsel of the Unsecured Creditors' Committee* (the "Order," Doc. 517).  As set forth in the Order, the Court issues this Memorandum Opinion.[1]

### BACKGROUND

The Debtor filed this Chapter 11 case on May 5, 2017.  At filing and during the early stages of this case, the Debtor operated a not-for-profit

---

[1] This opinion applies equally to the joinder in the Motion, filed by Auspicious Laboratory, Inc. (Doc. 467).

25-bed critical access hospital with approximately 100 employees.[2]  The hospital's gross revenues for Fiscal Year 2017 were just over $6 million.[3]

From this case's inception, the Debtor has maintained that its financial woes, which apparently began in earnest in 2015, were exacerbated and enhanced after it turned its management over to People's Choice Hospital, LLC ("PCH").[4]  In May of 2015, the Debtor and PCH entered into a "Consulting Agreement," pursuant to which PCH was to provide management and related services to the Debtor, for which the Debtor was to pay a monthly consulting fee of $30,000 and reimbursement of expenses.  PCH infused funds to make necessary improvements to the hospital and keep it open and operational, including paying all outstanding payroll taxes.[5]  During the time that it managed Debtor's hospital, PCH hired Mr. Jorge Perez ("Perez") to act as the hospital's Chief Executive Officer.

The entity seeking to disqualify Committee counsel, Empower Systems, H.I.S., LLC ("Empower") is allegedly owned and operated by Perez.  Empower provided accounting and billing software to the Debtor

---

[2] Doc. 73, p. 2.
[3] Doc. 29, p. 3.
[4] Doc. 73.
[5] *Id.*

through PCH during the time PCH was managing the Debtor's operations.[6] Since this case's inception, the Debtor and the Committee have maintained that Perez primarily, but allegedly with the assistance of others, masterminded, and in October of 2015 implemented, a fraudulent clinical lab scheme called the "Reference Lab Program," which operated through the Debtor.[7]

The stated purpose of the Reference Lab Program was to generate additional revenue to Debtor's hospital though blood and urine sample analysis from the Debtor's diagnostic lab.  Independent lab testing services were aggressively driven through the Debtor's existing reimbursement contracts throughout the life of the Reference Lab Program, which continued for some time after PCH was removed.

The Debtor has been sued by multiple independent labs that claim they did business with the Debtor in connection with the Reference Lab Program but have not been paid for their services.  These lawsuits aggregate more than $6 million.  Additionally, the Debtor asserts that it has been advised of significant other claims for recoupment or reimbursement.

---

[6] *Id.*

[7] Perez has repeatedly and vehemently denied these allegations.

In June of 2016, the Debtor sued PCH in state court and obtained *ex parte* relief, essentially locking PCH out of the hospital.[8]  In response, PCH denied all wrongdoing.   Instead, PCH asserted that it was wrongfully terminated by the Debtor, and that any improprieties with respect to the Reference Lab Program were caused by Perez or other non-PCH employees.  Post-petition, PCH and the Debtor reached a settlement that in part provides that they will cooperate in litigation against Perez and Reliance Laboratory Testing, Inc. ("Reliance"), and that PCH retains its right to pursue Perez, Reliance and any entity controlled by Perez or his family for damages.[9]

This Court denied the Motion to Disqualify on the merits on the basis that Empower failed to prove that cause existed to disqualify Committee counsel.  The Court reserved ruling on whether Empower had standing to file or pursue the Motion to Disqualify.

## EMPOWER DOES NOT HAVE STANDING TO SEEK TO DISQUALIFY COMMITTEE COUNSEL

Empower does not have the type of pecuniary interest in the outcome of this Chapter 11 case on which to base standing to seek

---

[8] Doc. 73.

[9] The Court approved this settlement on May 26, 2017.  *See* Docs. 73 & 92.

disqualification of Committee counsel.[10]   Empower's only connections to the Debtor and this case are:

1. The Debtor listed Empower on its Schedule E/F as a creditor with a disputed unsecured claim.[11]

2. Empower has, to date, not filed a claim.  The deadline for filing non-governmental claims expired on September 13, 2017.[12]

3. Empower provided accounting and billing services to the Debtor and the Reference Lab Program after PCH took over operation and retained Perez, Empower's President, as CEO of the Debtor's hospital.[13]

4. In June 2017, the Debtor filed a motion to take the Rule 2004 Examination *duces tecum*, of Perez, as corporate representative of Empower.[14]  The Court granted this motion by order dated July 10, 2017.[15]

---

[10] The Debtor and the Committee have challenged Empower's standing to participate in other aspects of this Chapter 11 case.  The instant ruling is limited to Empower's standing to prosecute the Motion to Disqualify.  All parties' and entities' rights to argue standing on matters other than the Motion to Disqualify are preserved.

[11] Doc. 133, p. 27.

[12] *See* Doc. 27.

[13] Doc. 341, p. 11.

[14] Doc. 140.

[15] Doc. 148.

5. In August of 2017, the Committee filed a motion to take the Rule 2004 Examination *duces tecum*, of Perez, as corporate representative of Empower.[16]  The Court granted this motion by order dated August 14, 2017.[17]

6. Also in August of 2017, the Committee filed a motion for a Rule 2004 Examination of Yesenia Hidalgo, as representative of MedX Group, Corp. and Empower; the Court granted that motion by order dated August 23, 2017.[18]

7. In August of 2017, Empower's counsel filed his appearance, and also appeared for Perez.[19]

8. In December of 2017 the Debtor, the Committee, Perez and Empower filed a joint motion for a HIPPA qualified protective order;[20] the Court granted that motion, over objections, by order dated January 17, 2018.[21]

---

[16] Doc. 187.
[17] Doc. 194.
[18] Docs. 201 & 203.
[19] Doc. 223.
[20] Doc. 314.
[21] Doc. 377.

9. On January 30, 2018, Empower filed the Motion to Disqualify,[22] and has since filed pleadings related to that motion.[23]

The Debtor's only mentions of Empower in this case, aside from at various hearings at which Empower appeared through counsel, are in its motion for approval of the settlement agreement with PCH, and in the Joint Disclosure Statement and Joint Plan of Reorganization filed with the Committee.[24] Empower's only pecuniary interest in this Chapter 11 case is as a potential defendant. Empower is not a creditor of the Debtor, and there currently is only a mere possibility that Empower will be a debtor to the Debtor.

To have standing in a Chapter 11 case, an entity must be a party in interest. The Code does not define "party in interest." That term, for Chapter 11 purposes, is found in 11 U.S.C. § 1109(b), which contains a list of persons and entities that constitute parties in interest.[25] Although this list is not exclusive, "the party requesting standing must either be a

---

[22] Doc. 400.

[23] Docs. 448 & 470.

[24] Docs. 73, 341 & 342.

[25] 11 U.S.C. § 1109(b) lists the following entities as parties in interest: the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder or any indenture trustee.

creditor of a debtor to invoke the court's jurisdiction or be able to assert an equitable claim against the estate."[26]

Empower has not articulated, asserted, or filed any claim against the Debtor or the estate, equitable or otherwise.  Although the Debtor (and others) have voiced the existence of potential claims against Empower, thus far no such claims have been filed or formally asserted, at least in this Court.  In its Motion to Disqualify, Empower seeks to remove duly appointed counsel to the Official Committee of Unsecured Creditors, but Empower holds no legally protected interest that could be affected by the Committee in this case.  Empower is not a creditor of the Debtor.  Empower is not even a debtor of the Debtor.  At most, Empower is a potential debtor of the Debtor, or more likely of the liquidating trustee; this is not enough to confer standing on Empower to pursue the Motion to Disqualify.[27]

---

[26] *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989) (citations omitted); *see also In re Energy Future Holdings Corp.*, 522 B.R. 520, 526 (Bankr. D. Del. 2015) (finding plaintiff law firms lacked standing to raise objection to Debtors' motion because they had no legally protected interest).

[27] *See In re Alpex Computer Corp.,* 71 F.3d 353 (10th Cir. 1995) (holding that while a debtor to a debtor may have standing in certain circumstances, because a party's debt to the debtor was inchoate at best at the time of plan confirmation, that party did not have standing to bring a motion to reopen the case, even though the party was currently embroiled in litigation with the Debtor in another forum).

Empower argues that it has standing because it is "*specifically identified* in the Committee's proposed Plan and Disclosure Statement as a source of recovery for the estate."[28]  This argument borders on the absurd.  It is also unsupported by the case law that Empower cites.  None of the cases cited hold that the mere mention of an entity in a plan suffices to confer standing on that entity.  For example, Empower cites *In re Surfside Resort and Suites, Inc.*[29]  But*,* unlike the creditor in that case*,* Empower has no responsibility to pay claims against the debtor.  Empower quotes from *In re E.S. Bankest, L.C.,* and equates itself with a party in that case held to have a "protected interest under section 1109(b)" with a "sufficient stake in the outcome of the chapter 11 proceedings."[30]  But Empower has demonstrated no stake in the outcome of the Debtor's Chapter 11 proceedings.  Rather, Empower has a potential adverse consequence of *any* case or proceeding that the Debtor, PCH or the liquidating trustee may pursue regardless of in what forum any such

---

[28] Doc. 470, p. 4 (emphasis in original).  It is not the "Committee's proposed Plan and Disclosure Statement," but rather the joint Plan and Disclosure Statement filed by the Debtor and the Committee.  *See* Docs. 341 & 342.
[29] *Id.*, p. 2, citing *In re Surfside Resort and Suites, Inc.,* 344 B.R. 179 (Bankr. M.D. Fla. 2006).
[30] Doc. 470, pp. 3-4, citing *In re E.S. Bankest, L.C.*, 321 B.R. 590, 594-95 (Bankr. S.D. Fla. 2005).

claim may be asserted, and irrespective of whether or not this Chapter 11 case proceeds, the plan is confirmed, or the case is dismissed.[31]

Empower suggests that merely because the Debtor listed it on Schedule E/F, that makes it a "creditor" as that term is used in 1109(b) and defined under the Bankruptcy Code.[32]  This argument is also without merit.  The Bankruptcy Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief" and defines "claim" as a "right to payment…; or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment…."[33]  Not a single pleading filed in this case to date by Empower, the Debtor or the Committee hint at Empower having a claim. All references to Empower are to the Debtor and others having claims against it, not the other way around.[34]  Listing an entity as having a

---

[31] "Empower" is mentioned in the Disclosure Statement only with regard to the software used to manage the Debtor's hospital's billings and as a potential target for recovery of funds with which to pay creditors.  *See* Doc. 341, pp. 13, 14, 19 & 20.  Empower is not mentioned at all in the Plan.  *See* Doc. 342.

[32] *See* Doc. 470, p. 5.

[33] 11 U.S.C. §101(5), (10).

[34] Here, again, the cases cited by Empower are off the mark.  In *In re Stanford Color Photo, Inc.,* 105 B.R. 204 (Bankr. D. Conn. 1989) and *In re Wells,* 227 B.R. 553 (Bankr. M.D. Fla. 1998), the parties who had failed to file proofs of claim were, nonetheless, "creditors" with "claims" as defined in the Code.  They were not, as is Empower, parties with no claims against the debtors but against which the debtors held claims.

disputed claim does not make that entity a creditor any more than parking a bicycle in a garage makes that bicycle a car.

Even if Empower may be considered a "party in interest" under Section 1109(b) for other purposes, it would still not have standing to move to disqualify counsel for the Committee.  A party seeking to be heard must not only satisfy Section 1109(b) but must also satisfy the constitutional and prudential limitations on standing.[35]  It is well settled that a party seeking to establish Article III standing "must show that: (1) [it] has suffered, or imminently will suffer, an injury-in-fact; (2) the injury is fairly traceable to the defendants' conduct; and (3) a favorable judgment is likely to redress the injury."[36]  The Supreme Court has made clear that an "injury in fact" must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[37]  Empower has yet to demonstrate any legally protected interest for purposes of moving to disqualify Committee counsel.  Even assuming any legally protected interest existed in favor of Empower, any invasion of such a legally

---

[35] *In re Motors Liquidation Co.*, 430 B.R. 65, 92 (S.D.N.Y. 2010).

[36] *Mulhall v. UNITED HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (citing to *Harrell v. The Florida Bar*, 608 F.3d 1241, 1253 (11th Cir. 2010)).

[37] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

protected interest at this stage of this case is merely conjectural and hypothetical.    If an actual invasion of Empower's legally protected interest materializes in the future, then Empower can at that time defend itself in an adversary proceeding incident to this Chapter 11 case, or in the forum in which the "invasion" occurs.[38]

## CONCLUSION

Empower is not a party in interest under 11 U.S.C. § 1109 with standing to bring a motion to disqualify Committee counsel. Even if it had standing to pursue the Motion to Disqualify, Empower has failed to allege facts sufficient to justify the drastic remedy of disqualifying Committee counsel.    It is for these reasons that the Court entered the *Order Denying Motion to Disqualify Broad and Cassel and Frank Terzo, Esq. as Counsel of the Unsecured Creditors' Committee* (Doc. 517) on March 2, 2018.

DONE AND ORDERED on   March 15, 2018              .

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

---

[38] *In re Alpex Computer Corp.,* 71 F.3d 353, 357 (10th Cir. 1995).

cc:  all parties in interest

Attorney for the Committee is directed to serve a copy of this Order on interested parties and
to file a Proof of Service within three (3) days of entry of this Order.