UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov

In re:

CAMPBELLTON-GRACEVILLE
HOSPITAL CORPORATION,

Debtor.
_____/

Case No. 17-40185-KKS

Chapter 11

**AGREED ORDER GRANTING CAMPBELLTON- GRACEVILLE HOSPITAL CORPORATION, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND AVAILITY, LLC's JOINT MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER (ECF NO. 722)**

THIS MATTER is before the Court on Campbellton-Graceville Hospital Corporation, The Official Committee of Unsecured Creditors, and Availity, LLC's Joint Motion for a HIPAA Qualified Protective Order (ECF No. 722) (the "Joint Motion") pursuant to the Federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Court having considered the legal authority, the agreement between the Debtor, The Official Committee of Unsecured Creditors ("Committee") and Availity, LLC ("Availity"), and being otherwise fully advised,

**IT IS ORDERED** as follows:

1. The Joint Motion for a HIPAA Qualified Protective Order is **GRANTED**.

2. In accordance with and as defined by the regulations promulgated under HIPAA, specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and (v), the Court hereby enters a HIPAA Qualified Protective Order.

3. "Protected health information" or "PHI" shall have the same meaning and scope as it is defined under 45 C.F.R. § 160.103.

4. Pursuant to this Qualified Protective Order, Committee Counsel and professionals or consultants retained by the Committee, including its Laboratory Consultant; the Debtor and its Counsel; Marshall Glade, the Debtor's CRO; and the Debtor's forensic team from GlassRatner Advisory & Capital Group, LLC are:

   a. Prohibited from using or disclosing PHI for any purpose other than for these proceedings; and

   b. Required to destroy all copies of the PHI or to return them to Availity at the conclusion of these proceedings.

5. Pursuant to this Qualified Protective Order, Availity is authorized to disclose any and all information ("Availity Information"), including PHI, related to the investigation of Campbellton-Graceville Hospital's reference lab program and non-patient specimen laboratory services.

**IT IS FURTHER ORDERED** that, for purposes of compliance with HIPAA, all parties, attorneys, employees, agents, and designees of all parties, pursuant to 45 C.F.R. § 164.512(E)(1)(I), ARE EXPRESSLY AND

SPECIFICALLY AUTHORIZED BY THIS Court's Order to obtain PHI, if relevant to this proceeding. Examples of PHI may include (by way of illustration or example only) insurance claim information.

All parties, attorneys, employees, agents, and designees of all parties, pursuant to 45 C.F.R. § 164.512(E)(1)(I), ARE EXPRESSLY AND SPECIFICALLY AUTHORIZED BY THIS Court's Order to disclose the above-described PHI to experts retained or consulted, all other parties to any litigation brought by the estate or a liquidating trustee, trial and graphic consultants, court reporters, persons duly noticed for deposition in this litigation, copy services or any other persons or entities necessary in the defense or prosecution of this litigation, and that all such persons or entities to whom this PHI is re-disclosed will be subject to the same privacy standards referenced above.

In an effort to protect the interests of any non-party patient in the confidentiality of PHI and to reduce the risk of disclosure of patient identifying sensitive information, parties are encouraged to redact or remove from the document any identifiers such as, but not limited to, full names, street addresses, telephone numbers, social security numbers, CPT codes, and ICD-9 codes for any documents or information that is filed with the Court. In the event a party wishes or needs to introduce un-redacted PHI for filing in this action, the papers shall be filed under seal in accordance with the Court's procedures. To designate any

material as PHI, each party shall designate directly on the material itself, in an accompanying cover letter, on a diskette cover, or in a response to an interrogatory or request for admission or discovery response, by using the following designation:

**"CONFIDENTIAL PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER"**

The Court notes that the parties have reserved all rights to apply to the Court for any modification of this Order, or to seek further protection against discovery, and approves such reservations. Nothing in this Order shall be construed to limit or restrict the rights of the parties to object to discovery on grounds other than those related to the confidentiality of documents or information. Nor shall anything contained in this Order be interpreted as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this case or any other proceeding.

Within ninety (90) days after final resolution of any litigation brought by the estate or the liquidating trustee (including any appellate proceedings), all documents and copies of documents produced or supplied which contain PHI shall be either returned to the party who produced such documents or destroyed. Upon request of the party who produced or supplied the PHI, all counsel of record who

received such documents or information shall certify compliance herewith and shall deliver the same to counsel for the party who produced it.

DONE AND ORDERED on ___June 20, 2018_____.

KAREN K. SPECIE
U.S. Bankruptcy Judge

Order prepared by:

Frank P. Terzo, Esq.
Broad and Cassel LLP
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL  33394
Phone: 954.764.7060
Fax: 954.761.8135
Email: fterzo@broadandcassel.com

Service:  Attorney Frank P. Terzo is directed to serve a copy of this order on interested parties and file a certificate of service within 3 business days of entry of this order.