UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov

In re:                                              Case No. 17-40185-KKS

CAMPBELLTON-GRACEVILLE HOSPITAL          Chapter 11
CORPORATION,

     Debtor.

_____/

**LIQUIDATING TRUSTEE'S OMNIBUS MOTION
TO COMPEL SUBPOENAED PARTIES TO PRODUCE
DOCUMENTS, AND FOR CONTEMPT AND SANCTIONS**

---

**NOTICE TO SUBPOENAED THIRD PARTIES RECEIVING THIS MOTION**

**This omnibus motion seeks to compel third parties who were served with subpoenas from the Liquidating Trustee but have not yet produced responsive documents, obtained an extension in writing from the Liquidating Trustee, or objected to the subpoenas—to produce responsive documents and cooperate with the Liquidating Trustee in all respects with respect to such production within 14 days from the date of an Order granting this motion or be held in contempt and liable for sanctions.**

**Please carefully read this motion and the spreadsheet attached as Exhibit A, which sets forth the each of names of the third parties subject to this motion alphabetically, the address where each of the third parties were served, and the date each of the third parties was mailed a subpoena. If you are the subject of this motion and disagree with the relief sought, you <u>must</u> file a response within two business days prior to the hearing set by the Court on the motion or the Court may grant the relief requested in the motion.**

---

Marshall Glade (the "**Liquidating Trustee**"), as Trustee of the Campbellton-Graceville Hospital Liquidating Trust (the "**Liquidating Trust**"), by his counsel and pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9016 and Federal Rule 45, files this *Omnibus Motion to Compel Subpoenaed Parties to Produce*

9030655-3                                   1

*Documents, and for Contempt and Sanctions* (the "**Motion**"), and as good cause

states:

**Jurisdiction and Venue**

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.     The Debtor commenced its bankruptcy case on May 5, 2017 (the "**Petition Date**"), by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.     On November 5, 2018, the Bankruptcy Court entered its Order (ECF No. 882) confirming the *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, Filed by the Debtor and the Official Committee of Unsecured Creditors* (the "**Plan**") (ECF No. 812).

5.     On January 14, 2019, the *Liquidating Trust Agreement* dated as of November 30, 2018 (ECF No. 914) (the "**Liquidating Trust Agreement**") was filed.

6.     Pursuant to the Plan and the Liquidating Trust Agreement, all property of the estate, including avoidance actions, causes of action, and litigation claims,

9030655-3                                                       2

transferred to the Liquidating Trust, and the Liquidating Trustee has been empowered to take any and all actions to effectuate the purpose of the Trust (to liquidate the assets of the Liquidating Trust), including to liquidate such assets, exercise all powers vested in the Debtors, the Liquidating Trust, or the Liquidating Trustee, and to bring adversary proceedings against third parties.

### Investigation of the Fraudulent Laboratory Program

7.    The Liquidating Trustee and his professionals have undertaken diligent efforts to investigate the claims and causes of action of the Liquidating Trust estate and have uncovered fraudulent transfer and other claims arising out of the fraudulent laboratory billing scheme (the "**Laboratory Program**") that was operated out of the Campbellton-Graceville Hospital (the "**Hospital**").[1]

8.    The scope of the Laboratory Program is far-ranging, and as the Liquidating Trustee and his professionals continue to investigate new details and potential targets, including those across the United States who affirmatively

---

[1] The Debtor, since the case was commenced, and the Official Committee of Unsecured Creditors, since it was constituted, have been investigating the nature and extent of Laboratory Program. The Laboratory Program has also been the subject of a series of news investigations by CBS, which aired in multiple broadcasts in 2018 and 2019: (1) https://www.cbs.com/shows/cbs_this_morning/video/O0ik3AljI9pB1AMVAoNPH0O3F1Ljq8fb/florida-lab-uses-rural-hospitals-for-bigger-insurance-checks-whistleblower-says/; (2) https://www.cbs.com/shows/cbs_this_morning/video/fTMtnB61xlzJCsIhH8JOP_VoNhMXYrbb/some-rural-hospitals-exploited-by-health-care-executives/; (3) https://www.cbs.com/shows/cbs_this_morning/video/o_XvtNY8flnxIw6g4KmOl40TgFA_yDmo/health-insurers-seek-to-reclaim-millions-lost-in-rural-hospital-billing-schemes/; and (4) https://www.cbsnews.com/amp/news/critical-condition-the-crisis-of-rural-medical-care/

9030655-3

participated in the scheme and those who were the financial beneficiaries of the scheme.

9.      The Liquidating Trustee and his professionals have to date uncovered that the Hospital was paid more than $130,000,000.00 from third-party payors as a result of claims fraudulently submitted through the Hospital under the Laboratory Program for laboratory testing, and that the Hospital then paid more than $130,000,000.00 to laboratories and other third parties who were directly and indirectly involved with the billing scheme. In most instances, as far as the Liquidating Trustee and his professionals can tell, the laboratory testing was either not performed at all or performed by outside reference laboratories, the claims of which were ineligible for reimbursement in full or at the higher reimbursement rates paid as a result of the Hospital's status as a critical access hospital.

10.     The Liquidating Trustee has settled his claims with three of the laboratories, but has identified more than 30 laboratories which were paid by the Hospital through the Laboratory Program and most of which have been sued in the first round of adversary proceedings.

11.     Recently, the Liquidating Trustee has taken depositions of several key witnesses who were involved in the Laboratory Program, which have revealed additional details and potential claims and causes of action against third parties. The Liquidating Trustee intends to take additional discovery as part of his investigation

9030655-3

4

in order to uncover additional details of the Laboratory Program and claims and causes of action.

12.    The Liquidating Trustee has also sent letters and subpoenas under Bankruptcy Rule 2004 (the "**Subpoenas**") to 674 physicians and healthcare providers whose NPI numbers were used to bill for the lab tests through the Hospital, requesting information and documents regarding the possible monies they received and their involvement in the Laboratory Program, as well as certain additional information, including the names of any middlemen who solicited participants to the Laboratory Program.

13.    Through the letters and subpoenas, the Liquidating Trustee anticipates receiving documents and information that may uncover additional details regarding the Laboratory Program and reveal additional claims and causes of action against other involved parties, which will be pursued in a second round—or even a third round—of adversary proceedings.

14.    In addition, as the investigation proceeds and the Liquidating Trustee moves forward with litigation, the Liquidating Trustee and his professionals expect to uncover additional information about the Laboratory Program and additional

9030655-3

claims and causes of action against third parties who are not yet known to the Liquidating Trustee.[2]

### Noncompliance with Subpoenas

15.    Between February 11 and 18, 2019, the 672 Subpoenas were served[3] via mail on third parties utilizing the addresses located on the National Provider Identifier (NPI) registry (https://npiregistry.cms.hhs.gov/), and required production of documents approximately 30 days thereafter, between March 13 and 18, 2019.[4] The list of the third parties who were served is attached to the *Omnibus Notice of Rule 2004 Examination Duces Tecum* (ECF No. 975).

---

[2] Due to the nature of the Liquidating Trustee's investigation into the Laboratory Program, including the fact that additional details and claims and causes of action are uncovered over time, the Liquidating Trustee has filed an expedited motion (Doc. No. 980) seeking to extend the deadline to commence litigation actions, proceedings, and contested matters against presently unknown third parties beyond the deadline of Monday, May 6, 2019, under Sections 108 and 546 of the of the Bankruptcy Code. The Court has set an evidentiary hearing on the motion for April 17, 2019 (Doc. No. 981).

[3] The Liquidating Trustee also served with each Subpoena a copy of the *Order Granting Liquidating Trustee's Expedited Ex Parte Motion for Entry of an Omnibus HIPAA Qualified Protective Order* (ECF No. 925).

[4] The Liquidating Trustee served the Subpoenas by mail as a matter of efficiency due to the number of Subpoenas and the time constraints in this case, and the fact that service by mail is permissible under Bankruptcy Rule 9016 and Federal Rule 45. "[T]he requirement for 'delivery' under Rule 45 is satisfied so long as, 'service is made in a manner that reasonably insures actual receipt of the subpoena by the witness." *In re Falcon Air Express, Inc.*, 2008 WL 2038799, at *2 (Bankr. S.D. Fla. May 8, 2008)(citations omitted); *King v. Crown Plastering Corp.,* 170 F.R.D. 355, 356 (E.D. N.Y. 1997) (denying the motion to quash and holding that there is "no reason for requiring in hand delivery for subpoenas served under Rule 45, so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness."); *Firefighters' Institute For Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (holding that "[w]hen a non-party is served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served.").

16.     Since the Subpoenas were served, the Liquidating Trustee, through his counsel, has been diligently and actively responding in good faith to inquiries regarding the Subpoenas. The Liquidating Trustee's counsel has spoken to more than 290 third parties, received responsive documents and information from 36 third parties, agreed to extend the deadline to respond for 62 third parties, and received returned mail for 130 third parties.[5]

17.     There are, however, a number of Subpoenas for which the Liquidating Trustee has not received any cooperation or documents and information from the receiving parties. There are 229 parties who have either not responded at all or have refused to provide responsive documents and information[6] to the Subpoenas that were not returned as undelivered (the "**Nonresponding Parties**"). Attached as **Exhibit A** is a spreadsheet listing the Nonresponding Parties alphabetically, the addresses where the Subpoenas were mailed, and the dates that the Subpoenas were mailed. Attached as **Exhibit B** is an example of a cover letter that was served with each Subpoena. Attached as **Exhibit C** is an example of a Subpoena that was served on each of the Nonresponding Parties. The cover letters and Subpoenas that were served on the Nonresponding Parties are identical to the examples provided in

---

[5] The Liquidating Trustee is attempting to find new contact information for the third parties whose Subpoenas were returned by cross referencing the addresses served against the addresses contained in the state medical licensing boards and through other sources.

[6] These third parties have not served objections to the Subpoenas.

Exhibits B and C, except for (a) the dates, names, and contact information of and for the Nonresponding Parties in the letters and Subpoenas, (b) the NPI Numbers of the Nonresponding Parties in the letters, and (c) the service and the response deadlines in the Subpoenas (which were adjusted based upon the date of service).[7]

18.     By failing to timely object to the subpoenas, the Liquidating Trustee asserts that the Nonresponding Parties have waived their right to object to enforcement of the Subpoenas. *See Fed. R. Civ. P.* 45(d)(2)(B)[8]; *McCabe v. Ernst &*

---

[7] As of the time of the filing of this motion, there additional third parties who have served objections to the Liquidating Trustee in response to the Subpoenas. The Liquidating Trustee is analyzing these objections and seeking to resolve them, and if necessary, the Liquidating Trustee will file a separate motion seeking addressing these objections and seeking relief against the objecting subpoenaed parties. In certain situations, these subpoenaed parties have objected to the Subpoenas based on the request to produce the documents at counsel's office in Fort Lauderdale Florida, and in these instances, the Liquidating Trustee has provided three alternatives: (1) provide the documents through electronic means, (2) ship the documents using Liquidating Trustee's counsel's FedEx billing number; or, (3) agreeing to provide an alternate address to drop off the documents within 100 miles of the subpoenaed party.

[8] Fed. R. Civ. P. 45(d)(2)(B) states:

> (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B).

*Young, LLP*, 221 F.R.D. 423, 426 (D. N.J. 2004) (holding that subpoenaed party who failed to object to subpoena waived right to object to enforcement of the subpoena).

19.    The Subpoenas request documents and information, including electronically stored information, in the following categories related to the Laboratory Program: (a) monies paid to the subpoenaed party, (b) value given in exchange for such payment, (c) tests that were ordered using the subpoenaed party's NPI number and claims and databases used to submit tests, (d) relationships between the Debtor, a laboratory, and certain interested parties with respect to the Laboratory Program, (e) organizational documents of the subpoenaed party and affiliates, and (f) insurance policies that may provide coverage for a potential cause of action against the subpoenaed party and affiliates.

20.    The documents requested by the Subpoenas are essential to the Liquidating Trustee's continuing investigation into the Laboratory Program and determining the viability of additional claims and causes of action against involved third parties.

## **Relief Requested**

21.    Accordingly, the Liquidating Trustee requests the entry of an Order (a) finding that the Nonresponding Parties have not timely objected to the Subpoenas and have waived their right to object to the enforcement of the Subpoenas, (b) compelling the Nonresponding Parties, within 14 days from the date of an Order

9030655-3                                                     9

granting this motion, to produce the requested documents and information in the Subpoenas and to cooperate with the Liquidating Trustee in all respects with respect to such production, and (c) providing that if the Nonresponding Parties fail to do so, then the Nonresponding Parties may be held in contempt of Court and liable for sanctions, including monetary sanctions, such as, for example, the imposition of a fine in compensation for damages sustained as a result of their conduct.

22.     The Liquidating Trustee hopes that the Nonresponding Parties reach out to his professionals to provide the responsive documents, and the Liquidating Trustee will continue to work with all of the Nonresponding Parties in an attempt to obtain the documents.

### Basis for Relief

23.     The Court has the authority to grant the relief requested.

24.     Rule 9016 of the Federal Rules of Bankruptcy Procedure, adopts Rule 45 of the Federal Rules of Civil Procedure. Pursuant to Federal Rule 45(g), "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g); *see Francois v. Blandford*, 2012 WL 777273, at *2 (E.D. La. Mar. 7, 2012) (holding a non-party in contempt of court for failing to comply with the subpoena served on him). Here, the

9030655-3

Nonresponding Parties have wholly failed to comply with their obligations under the Subpoenas

25.    "In order to impose sanctions on a debtor this Court must find that the party seeking sanctions has proved, by clear and convincing evidence, that the debtor has violated an order of the court." *In re Hamrick*, 551 B.R. 860, 862 (Bankr. N.D. Fla. 2016) (internal citation omitted). "Among the remedies available to the court in a civil contempt proceeding is the ability to impose a fine payable to the complainant in compensation for damages sustained as a result of the conduct." *Id.* (internal citations omitted). Here, the Liquidating Trustee asserts that the Court can issue sanctions if the Nonresponding Parties fail to comply with an Order of the Court compelling production.

**WHEREFORE**, the Liquidating Trustee seeks the entry of an Order (a) finding that the Nonresponding Parties have waived their right to object to the enforcement of the Subpoenas, (b) compelling the Nonresponding Parties, within 14 days from the date of an Order granting this motion, to produce the requested documents and information in the Subpoenas and to cooperate with the Liquidating Trustee in all respects with respect to such production, (c) directing that if the Nonresponding Parties fail to do so, then the Nonresponding Parties may be held in contempt of Court and liable for sanctions, including monetary sanctions, such as,

9030655-3                                     11

for example, the imposition of a fine in compensation for damages sustained as a result of their conduct; and (d) for such other relief as is just and proper.

Dated: April 11, 2019                                  Respectfully submitted,

BERGER SINGERMAN LLP                     NELSON MULLINS BROAD AND CASSEL
*Co-Counsel for Liquidating Trustee*          *Co-Counsel for Liquidating Trustee*
313 North Monroe Street, Suite 301          100 S.E. 3rd Avenue, Suite 2700
Tallahassee, FL 32301                          Ft. Lauderdale, FL 33394
Tel. (850) 561-3010                            Tel. (954) 764-7060
Fax (850) 561-3013                             Fax (954) 761-8135

By:  /s/Brian G Rich                            By: */s/ Frank P. Terzo*
     Brian G Rich                                    Frank P. Terzo
     Florida Bar No. 38229                           Florida Bar No. 906263
     brich@bergersingerman.com                       frank.terzo@nelsonmullins.com
     Michael J. Niles                                Gary M. Freedman
     Florida Bar No. 107203                          Florida Bar No. 72760
     mniles@bergersingerman.com                      gary.freedman@nelsonmullins.com
                                                     Michael D. Lessne
                                                     Florida Bar No. 73881
                                                     michael.lessne@nelsonmullins.com

9030655-3                                       12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2019, I electronically filed this motion with the clerk of the court using CM/ECF, which is serving the document (and all exhibits) via transmission of Notices of Electronic Filing to those counsel or parties who are authorized to receive such notices as reflected on the attached CM/ECF Service List.  The Liquidating Trustee will serve by mail each of the Nonresponding Parties with true and correct copies of the motion and its exhibits, and the notice of hearing on the motion (once entered by the Court), and will file a separate certificate of service.

By:  /s/Brian G Rich
Brian G Rich
Florida Bar No. 38229
brich@bergersingerman.com

9030655-3

13

# CM/ECF SERVICE LIST

- Yussuf Abdel-aleem   john.wisiackas@aleemlaw.com
- Philip Alan Bates   pbates@philipbates.net, swalton@philipbates.net;abridges@philipbates.net;dwatts@philipbates.net
- Russell M. Blain   rblain.ecf@srbp.com, rblain@srbp.com
- Leyza F. Blanco   lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- Jason B. Burnett   jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com
- Seldon J. Childers   jchilders@smartbizlaw.com, ellen.lord@smartbizlaw.com;jkirkconnell@smartbizlaw.com;documents@prodoxprep.com;childers@ecf.courtdrive.com
- William H. Crawford   bkry@tcslawfirm.net, william@tcslawfirm.net;sam@tcslawfirm.net
- Daniel Charles Curth   danc@goldmclaw.com, mattm@goldmclaw.com;haroldi@goldmclaw.com;seanw@goldmclaw.com
- Michael Patrick Dickey   mdickey@barronredding.com, creynolds@barronredding.com;chodges@barronredding.com
- Jodi Daniel Dubose   jdubose@srbp.com, lhathaway@srbp.com;jdubose.ecf@srbp.com
- Ashlea Ann Edwards   ashlea.edwards@gray-robinson.com
- Jason H. Egan   jason.h.egan@usdoj.gov
- Katherine Fackler   katherine.fackler@akerman.com, Jennifer.meehan@akerman.com;matthew.drawdy@akerman.com
- Gary M. Freedman   gfreedman@broadandcassel.com
- Kathryn Michelle Jordan   michelle@blankenshipjordanpa.com, service@blankenshipjordanpa.com
- Matthew Ian Kramer   mkramer@wwhgd.com, mesteva@wwhgd.com
- Michael D. Lessne   Michael.lessne@nelsonmullins.com, Jennifer.phillips@nelsonmullins.com;lisa.negron@nelsonmullins.com
- Pamela Marsh   pmarsh@ausley.com, sshaffer@ausley.com
- Kenneth G. M. Mather   kmather@gunster.com, tkennedy@gunster.com;mweaver@gunster.com
- Courtney A. McCormick   cmccormick@mcguirewoods.com, flservice@mcguirewoods.com
- Ronald A. Mowrey   rmowrey@mowreylaw.com, firm@mowreylaw.com
- Michael J Niles   mniles@bergersingerman.com, Charlee.loree@nelsonmullins.com

9030655-3

14

- Nicole Mariani Noel   bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com
- Geoffrey J. Peters   gpeters@weltman.com, colnationalecf@weltman.com
- Brian G. Rich   brich@bergersingerman.com, efile@bergersingerman.com;bwalter@bergersingerman.com;efile@ecf.inforuptcy.com
- JAMES D. SILVER   jsilver@kelleykronenberg.com, raldama@kelleykronenberg.com
- Frank Paul Terzo   frank.terzo@nelsonmullins.com, Jennifer.phillips@nelsonmullins.com;lisa.negron@nelsonmullins.com
- United States Trustee   USTPRegion21.TL.ECF@usdoj.gov
- Adam M Walters   awalters@walterslawpc.com
- Sarah St John Walton   swalton@philipbates.net, pbates@philipbates.net;wwest@philipbates.net;abridges@philipbates.net
- Alan Weiss   alan.weiss@hklaw.com, lynette.mattison@hklaw.com
- David Luther Woodward   woodlaw@bellsouth.net, thetexasnole@bellsouth.net

9030655-3                                    15