# EXHIBIT "B"



**NELSON MULLINS**
**BROAD AND CASSEL**

**Gary M. Freedman**
Partner
gfreedman@broadandcassel.com

ATTORNEYS AND COUNSELORS AT LAW

**One Biscayne Tower**
**2 South Biscayne Blvd. | 21st Floor**
**Miami, FL 33131**
**T: 305.373.9400 F: 305.373.9443**

**nelsonmullins.com**
*In Florida, known as Nelson Mullins Broad and Cassel*

April 11, 2019

**VIA U.S. MAIL**

NAME
TITLE
COMPANY
ADDRESS 1
ADDRESS 2

Re:    **NOTICE OF POTENTIAL LITIGATION; SUBPOENA REQUESTING DOCUMENTS; IDENTIFICATION, COLLECTION, AND PRESERVATION OF INFORMATION, DOCUMENTS, AND RECORDS**
*In re Campbellton-Graceville Hospital Corporation*, Case No. 17-40185
United States Bankruptcy Court, Northern District of Florida

Dear NAME:

We represent Marshall Glade, in his capacity as the Liquidating Trustee of the Liquidating Trust created on November 30, 2018 (the "**Effective Date**"), in accordance with (1) the Order of the Bankruptcy Court (ECF No.[1] 882) (the "**Confirmation Order**") confirming the plan of liquidation, as amended (ECF Nos. 602 and 812) (the "**Plan**"), of the Chapter 11 Debtor Campbellton-Graceville Hospital Corporation (the "**Debtor**" or the **Hospital**"), (2) the Notice of Effective Date (ECF No. 909) of the Plan, and (3) the Liquidating Trust Agreement (ECF No. 914).[2] On the Effective Date, the Liquidating Trust was created and the Liquidating Trustee accepted, on behalf of the Liquidating Trust, all Liquidating Trust Assets (including any and all actions and claims of the Debtor and of creditors who assigned their claims to the Debtor against third parties (the "**Causes of Action**"), and the Liquidating Trustee became authorized to prosecute, settle, or otherwise resolve the Causes of Action.

You are receiving this letter because the Liquidating Trustee has reason to believe that the Causes of Action may include certain claims against you arising out of a fraudulent laboratory billing scheme (the "**Laboratory Program**") that was operated out of the Hospital. **You or an entity affiliated with you have been identified as having**

---

[1] ECF No. refers to the Electronic Case Filing Number in Case No. 17-40185 (the "**Bankruptcy Case**").
[2] On May 7, 2017, the Hospital, a critical access hospital located in Graceville, Florida, filed a voluntary Chapter 11 bankruptcy petition, in the United States Bankruptcy Court for the Northern District of Florida (the "**Bankruptcy Court**"), commencing the Bankruptcy Case.

4836-4907-2774.1058315/01500 ML7 MN

NAME
April 11, 2019 Page 2

**referred patient specimens for laboratory testing to the Hospital either directly or through one or more outside laboratories.** Our records reflect that more than $_____ was billed by or for the Hospital using your National Provider Information (NPI) Number (_____) as the attending and ordering physician for laboratory testing.

The Laboratory Program involved improper and unlawful billing by the Hospital and certain laboratories affiliated with the Hospital to insurance payors for laboratory testing that was either <u>not</u> performed by the Hospital or did <u>not</u> involve a patient of the Hospital that would allow for a higher reimbursement rates. The Liquidating Trustee is legally entitled to pursue claims under federal and state law against those involved in the Laboratory Program and to pursue the avoidance and recovery of certain payments that were originally made by the Debtor in respect of the Laboratory Program.

To the extent that you received monies that originated from the claims billed to and paid by the insurance companies to the Hospital, then you may be liable to pay these amounts to the Liquidating Trustee. In addition, you may be liable for damages to the Hospital to the extent you were involved with the Laboratory Program. Under Section 541 of the Bankruptcy Code, any civil causes of action of the Debtor are property of the Debtor's bankruptcy estate and were transferred to the Liquidating Trust upon the Effective Date to be pursued by the Liquidating Trustee. These civil causes of action may include, without limitation, fraud, conspiracy, and aiding and abetting claims. In addition, Section 544, 548, and 550 of the Bankruptcy Code empower the Liquidating Trustee to avoid and recover certain fraudulent transfers made by the Debtor during the relevant lookback period prior to the Debtor's bankruptcy filing.

Based upon the foregoing, a subpoena, enclosed with this letter, has been duly issued to you by the attorneys for the Liquidating Trustee requiring that you provide documents requested in the subpoena to the Liquidating Trustee **within 30 days from the date of the subpoena** (the "**Deadline**"). Among other documents, the subpoena requests that you provide (a) a list and proof of receipt of all monies you or any of your affiliates received from the Hospital and certain laboratories and interested parties involved in the Laboratory Program (the "**Laboratories and Interested Parties**") between March 1, 2015 through December 31, 2016; (b) all documents that reflect what services you provided in exchange for these monies; (c) all documents supporting the tests that were ordered using your NPI Number and the medical necessity of those tests, including a list of all patients for whom you ordered tests, and for each such patient—all requisition forms, all laboratory results received, all phlebotomy and specimen collection logs, and all medical and billing records that support the medical necessity of the tests ordered (including all patient charts, physician progress notes, diagnoses, medications, medical histories and physicals, procedures records, laboratory results, radiology records, ultra-sound, MRI, nuclear medicine reports, consultation reports, health insurance information, clinical laboratory reports/results, descriptions of medical condition by name, diagnosis, and treatment, facility admission records and discharge summaries); (d) all documents concerning your contracts and relationship with the Hospital and the Laboratories and Interested Parties, including correspondence with all interested parties, (e) documents

NAME
April 11, 2019 Page 3

from any programs or databases used to submit claims for laboratory testing; and (f) copies of insurance policies that may provide coverage for a potential cause of action.

In the interest of providing the requested information and documents to the Liquidating Trustee as soon as possible, the Liquidating Trustee has obtained the enclosed qualified protective order under HIPAA, which permits you to immediately send the documents and information to the Liquidating Trustee and his professionals. In addition, you may send the documents and information responsive to the subpoena on a rolling basis as it becomes available. You may send this in electronic form, and we will set up a secured connection through which you may respond.

In addition, the Liquidating Trustee requests that you provide by the Deadline a written explanation (supported by the documents you are providing) of (a) your relationship with the Hospital and the Laboratories and Interested Parties (including how, when, and why you were connected with them), (b) your involvement with the Laboratory Program (including the extent of your involvement, why you decided to send specimens, when you started sending samples, and when you stopped sending them; as well as the names of the individuals with whom you had relationships and their contact information), and (d) to the extent your received any monies from the Hospital or from the Laboratories and Interested Parties, a list of the monies you received and what you gave in exchange for such monies.

The Liquidating Trustee seeks your cooperation in order to promptly evaluate the documents and the potential claims against you and other third parties. **Accordingly, if we do not receive a response from you with these requested documents and explanation by the requested date, then the Liquidating Trustee will assume that you do not wish to cooperate and may pursue all rights and remedies against you, including seeking to hold you in contempt for failing to comply with the subpoena, seeking sanctions against you, and commencing litigation against you.**

Following the Liquidating Trustee's receipt and review of your response to this letter and the requested documents, the Liquidating Trustee may seek to promptly and amicably resolve claims against you, to the extent of any that may exist, without the need for time consuming and expensive litigation.

By this letter, the Liquidating Trustee also gives notice to you and any affiliated entities not to destroy, conceal, or alter any paper or electronic files, other data generated by and/or stored on their computer systems and storage media (including any and all hard or soft drives or disks, or back-up drives or disks) and online (including on the cloud), or any other electronic data, such as email and voicemail, with respect to any and all dealings with the Hospital, the Laboratories and Interested Parties, the Laboratory Program and otherwise with respect to the Liquidating Trustee's investigation. This includes, but is not limited to: all documents; all written, email, and other electronic communications; all documents contained in any database or software (electronic and physical); spreadsheets; calendars; voice mail and telephone logs; contact manager

NAME
April 11, 2019 Page 4

information; internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices (including text messages); and network access information.

The Liquidating Trustee expressly reserves all rights and remedies with respect to the Causes of Action and all matters set forth in this letter, including its rights to pursue any claims against you.

If you have any questions, please give me a call.

Sincerely,

NELSON MULLINS BROAD AND CASSEL

Gary M. Freedman
Partner

Enclosure

cc:
Marshall Glade
Frank Terzo
Brian Rich