# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov

IN RE:                                          Case No. 17-40185-KKS

CAMPBELLTON-GRACEVILLE HOSPITAL
CORPORATION,                                    Chapter 11

     Debtor.

_____/


### SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*
**(Documents May Be Produced In Lieu of Appearance)**


TO:


[   ] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.

| PLACE | DATE AND TIME |
|---|---|
| **Nelson Mullins Broad and Cassel, LLP**<br>**One Financial Plaza**<br>**100 SE 3ʳᵈ Avenue, Suite 2700**<br>**Ft. Lauderdale, FL 33394**<br>**954-764-7060**<br>**Attention Pam Wilson** | **Wednesday March 13, 2019 at 10:00 a.m.** |

The examination will be recorded by this method:  Not applicable _____

[**XXX**] *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material by **Wednesday, March 13, 2019 at 10:00 a.m.**

### SEE ATTACHED SCHEDULE "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person

7971353-1

subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    February 11, 2019

Clerk of Court                                                    Frank Terzo, Esquire
                                        OR                       FBN: 906263

_____                          _____
Signature of Clerk or Deputy Clerk                               Attorney's Signature

The name, address, email address, and telephone number of the attorney representing the The Official Unsecured Creditor, Committee, who issues or requests this subpoena, are:  Frank Terzo., Broad and Cassel, 100 S.E. 3rd Avenue, Suite 2700, Ft. Lauderdale, Florida, (954) 764-7060, fterzo@broadandcassel.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

2

## **PROOF OF SERVICE**

### **(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

☐   I served the Subpoena via U.S. mail on February _____, 2019

☐   I returned the Subpoena unexecuted because:

_____

Unless the Subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____


I declare under penalty of perjury that this information is true and correct.


Date:   February 11, 2019

_____
Server's signature

Frank Terzo, Esquire
Nelson Mullins Broad and Cassel
One Financial Plaza, Suite 2700
Fort Lauderdale, FL  33394
954-764-7060



Additional information concerning attempted service, etc.:

3

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold

4

in contempt  a person who, having been served, fails without
adequate excuse to obey the  subpoena or an order related to it.

5

# SCHEDULE "A"

## <u>DEFINITIONS AND INSTRUCTIONS</u>

As used in this request, the following words shall have their common meanings and shall include the meanings indicated:

A.      "**Affiliate**" includes (a) any entity whose outstanding interests are directly or indirectly owned, controlled, or held by you or by an entity that directly or indirectly owns, controls, or holds the interests of you, (b) any entity that directly or indirectly owns, controls, or holds the interests of you, (c) any entity whose business or substantially all of whose property is operated under a lease or operating agreement by you that operates the business or substantially all of the property of you under a lease or operating agreement, (d) any entity that directly or indirectly controls, is controlled by, or is under common control with another entity, (e) any entity that either directs or causes the direction of management or policies or you, indirectly or directly, (f) any entity that you direct or cause the direction of management or policies, indirectly or directly, (g) an entity related to you by a familial relationship, (h) parents, or (i) subsidiaries

B.      "**Entity**" includes an individual, corporation (including a limited liability corporation), partnership (including a general partnership, limited liability partnership, and a limited partnership), estate, or trust.

C.      "**Request**" or "**Requests**" means the Document Requests listed below.

D.      "**Liquidating Trustee**" shall mean Marshall Glade, Liquidating Trustee for the Chapter 11 bankruptcy case of the Debtor, Campbellton-Graceville Hospital Corporation.

E.      "**You**" and "**Your**" means the individual(s) or entity (entities) to whom this subpoena is directed, individually and collectively, and  any of your affiliates, and includes any and all agents, employees, attorneys, and any other person or entity acting or purporting to act on behalf of you or your affiliates.

F.      "**Debtor**" means Campbellton-Graceville Hospital Corporation, the Debtor in the above-referenced chapter 11 bankruptcy case and shall include shall include its owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns.  Further, the Debtor shall include and incorporate the following National Provider Identifier's ("NPI"):

7

1205886280; 1154373744; 1942348040; 1942417316; 1407169733; and 1306143839.

G.     "**Laboratories**" means each and every of the following entities, and all of their owners, officers, directors, shareholders, managers, members, employees, agents, promotors, marketers, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns:

1. Advanced Clinical Laboratory Solutions, Inc.;
2. Aspen Hill Diagnostics, LLC;
3. Assurance Scientific Laboratories, LLC;
4. Auspicious Laboratory, Inc.;
5. Avutox  Laboratories, LLC;
6. Axis Diagnostics, Inc.;
7. Beyond Labs, LLC;
8. Bio Technologies MD, Inc.;
9. B3 Diagnostics Lab, LLC;
10. Cadira Labs, LLC;
11. Central Clinical Labs;
12. Certus Laboratories;
13. Companion DX Reference Lab, LLC;
14. Diagnostic Lab Direct, LLC;
15. Eclipse Toxicology, LTD;
16. Elite Diagnostics, LLC;
17. Endeavor Recovery;
18. Expertus Laboratory, Inc.;
19. First Choice Laboratory, LLC;
20. Hill Country Toxicology, LTD;
21. Imperium Health Resources, LLC;
22. LabPro, Inc.;
23. LifeBrite Laboratories, Inc.;
24. Lighthouse Medical, LLC;

25.  Mission Toxicology, LLC;

26.  Nationwide Laboratory Services, LLC;

27.  Northlake Family Medical Practice;

28.  ON3 Healthcare A.D., LLC;

29.  Our Family Genes, LLC;

30.  Physician Stat Lab, Inc.;

31.  Pinnacle Laboratory Services;

32.  Premier Medical, Inc.;

33.  Principal Labs, LLC;

34.  Qualitox Laboratories, LLC;

35.  RAJ Enterprises of Central Florida LLC d/b/a Pinnacle Laboratory Services, LLC;

36.  Reasonable Choices, Inc.;

37.  Reliance Laboratory Testing, Inc.;

38.  SeroDynamics, LLC;

39.  Selecta Labs;

40.  Southwest Laboratories, LLC;

41.  Strategic Ancillary Services, LLC;

42.  Sun Clinical Laboratory

43.  Total Diagnostix II; and

44.  A ny other laboratories involved with or concerning the Debtor.

H.  "**Interested Parties**" means each and every of the following entities, and all of their owners, officers, directors, shareholders, managers, members, employees, agents, promotors, marketers, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns:

1.  The Debtor;

2.  The Laboratories;

3.  MedX Group, Corp. a/k/a Medex Group;

4.  Empower Systems a/k/a Empower;

9

5.      Empower H.I.S., LLC  a/k/a EmpowerHIS;

6.      The People's Choice Hospital, LLC a/k/a People's Choice Hospital, PCH Billing Services, LLC, and PCH Lab Services, LLC;

7.      CGH Holdings Company, Inc. n/k/a Cambridge Group Holdings Co. a/k/a CGH Holdings;

8.       RAJ Enterprises of Central Florida, LLC, d/b/a Pinnacle Laboratory Services a/k/a Pinnacle;

9.      Triumvir Medical Management, LLC a/k/a Triumvir;

10.      Regional General Holdings, Inc., n/k/a Cambridge Distillery Co. a/k/a RGH;

11.      Regional Health Partners, LLC;

12.      Christian Fletcher;

13.      Christopher Alise;

14.      Tony Shir;

15.      Jose Prendes;

16.      Bruce Mogel;

17.      Morrie Maple;

18.      Raj Ravi; and

19.      Beau Gertz

I.       "**Communications**" shall include any correspondence, oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

J.       "**Documents**" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded or stored, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "Documents" shall include correspondence (including e-mail, electronic message, letters, telegrams, telexes, and mailgrams), communications,

10

memoranda (including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations), notes or memorandum attached to or to be read with any Document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.  Copies of Documents, which are not identical duplications of the originals or that contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

K.    **"Documents"** shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets), Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas. The meaning of "Documents" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Federal Rules of Civil Procedure.

L.     "**Concerning**" shall mean, directly or indirectly, concerning, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

M.     As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

N.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

O.     Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

P.     If You assert that any document called for by a request is protected against disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege, or any other assertion of privilege, You must provide the following information with respect to such document:

1.  the name and capacity of the person or persons who prepared the documents;

2.  the name and capacity of all addresses or recipients of the original or copies thereof;

3.  the date, if any, borne by the document;

4.  a brief description of its subject matter and physical size;

5.  the source of the factual information from which such document was prepared; and

6.  the nature of the privilege claimed.

Q.     You must produce all documents within your possession, care, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from

any other person having physical possession thereof.

R.      All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

S.      Production of electronically stored information ("ESI") or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

T.      Each hard copy document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

U.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the entities to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with respondents' name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

V.      If you at any time had possession, custody or control of a document called for under these requests and if such document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

W.      The time period for the request is from **March 1, 2015 through December 31, 2016**.

13

# **<u>DOCUMENTS REQUESTED</u>**

1.　　All documents that reflect or concern the monies that you were paid from the Debtor, a Laboratory, any other Interested Party, or any individuals or entities acting as marketers or promoters of the Debtor, a Laboratory, or any other Interested Party, including, but not limited to, all bank account records, checks, proof of receipt (e.g., cancelled checks, wire receipts, and cash receipts), and a list of such payments (by date, amount, payor, and manner of payment (e.g., check no., wire no., cash amount).

2.　　All documents that reflect or concern what services you provided in exchange for the monies you were paid from the Debtor, a Laboratory, any other Interested Party, or any individuals or entities acting as marketers or promoters of the Debtor, a Laboratory, or any other Interested Party.

3.　　 All documents concerning, reflecting, or supporting the tests that were ordered using your NPI Number(s) and the medical necessity of those tests, including:

　　a.　　a list of all patients for whom you ordered tests and the tests ordered;

　　b.　　and for each such patient:

　　　　i.　　all laboratory requisitions/order forms (and in the absence of such, signed documentation from you demonstrating the intent for the test), and if not you , the contact information for the ordering physician(s);

　　　　ii.　　all laboratory test results, reports, and interpretations;

　　　　iii.　　all phlebotomy and specimen collection logs;

　　　　iv.　　 medical and billing records that support the medical necessity of the tests ordered, including, but not limited to, all patient charts, physician progress notes, diagnoses, medications, medical histories and physicals, procedures records, laboratory results, radiology records, ultra-sound, MRI, nuclear medicine reports, consultation reports, health insurance information, clinical laboratory reports/results, descriptions of medical condition by name, diagnosis, and treatment, facility admission records and discharge summaries;   and

　　　　v.　　any other documents that support the medical necessity of the ordered tests.

14

4.      All documents, including all files and communications, which concern, refer to, describe, summarize, constitute, evidence, establish, explain, or mention, in whole or in part, any agreement, contract, or relationship of any kind between you and the Debtor, a Laboratory, and/or any other Interested Party as well as with any individuals or entities acting as marketers or promoters of the Debtor, a Laboratory, or any other Interested Party.

5.      Any and all organizational documents for you, including each of your affiliates, and an organizational chart reflecting the relationships between you and your affiliates.

6.      All documents and information from any programs or databases used to submit claims for laboratory testing performed for your patients, including data from any and all claims modules, billing/finance modules, patient information modules, or remittance advice modules, and including individual modules that may exist under EmpowerHIS, and/or the EmpowerSystems database.

7.      Copies of all insurance policies that may provide coverage for you and your affiliates for a potential cause of action by the Liquidating Trustee against you or your affiliates arising out of the Debtor's clinical laboratory program.