UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov

IN RE:                                                          Case No. 17-40185-KKS

CAMPBELLTON-GRACEVILLE HOSPITAL
CORPORATION,                                                    Chapter 11

      Debtor.

_____/

## EXPEDITED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST EMPOWER H.I.S., LLC AND JORGE A. PEREZ

(*Expedited Hearing Requested*) [1]

The Liquidating Trustee, Marshall Glade (the "Liquidating Trustee"), by and through his undersigned counsel, hereby files this expedited motion (the "Motion") for the entry of a default final judgment against Empower H.I.S., LLC ("Empower") and Jorge A. Perez ("Perez") (collectively, the "Defendants") for their willful and deliberate failure to cooperate under the Court approved Mediation Agreement.  In support of the Motion, the Liquidating Trustee submits the *Affidavit of Counsel in Support of the Motion for Entry of Default Final Judgment Against Empower H.I.S., LLC and Jorge A. Perez*, attached hereto as **Exhibit "A"**, and an *Affidavit of Marta Alfonzo of Morrison, Brown, Argiz & Farra, LLC in Support of the Motion for Entry of Default Final Judgment Against Empower H.I.S., LLC and Jorge A. Perez* attached hereto as **Exhibit "B"**, and states as follows:

_____

[1] By virtue of recent published accounts, the Liquidating Trustee is aware of efforts being made by the authorities to hold those individuals related to the Lab Fraud Program accountable. That combined with Empower and Perez's complete disregard for their obligations under the Court-approved Mediation Agreement causes the Liquidating Trustee to believe that it would be in the Trust's beneficiaries' best interests to have this motion heard upon ten (10) days' notice.

9210726-1

1.  On May 2, 2018, the Debtor, Campbellton Graceville Hospital Corporation, the Official Committee of Unsecured Creditors ("Committee"), Empower and Perez, participated in a 2-day mediation session in Orlando, Florida with respect to the Debtor and Committee's Claims against the Empower Entities.

2.  Elizabeth A. Green of Baker Hostetler, LLP was the Mediator at the Mediation.

3.  On Thursday, May 3, 2019, the Parties agreed to resolve their disputes at Mediation and executed a Binding Mediation Agreement Term Sheet.

4.  On October 29, 2018, the Parties executed the Definitive Mediation Agreement attached hereto as **Exhibit "C"**, which  the Court  approved on April 19, 2019 (Doc. 1007 "Mediation Agreement").

5.  The Mediation Agreement provided that the Court retain jurisdiction to enforce and construe the provisions of this [Mediation] Agreement. Mediation Agreement, ¶ 18.

6.  Pursuant to Section J. of the Mediation Agreement, "Jorge Perez was to meet with the [Liquidating Trust] . . . and provide a sworn statement to questions raised by the [Liquidating Trustee] regarding his and Empower's participation in and the operation of the Lab Program (as defined in the Mediation Agreement) which shall be considered the [Liquidating Trust's work product." ("Sworn Statement"). Further, Empower was to provide at no charge, all software used at the Debtor's facility.

7.  On May 13, 2019, the Liquidating Trust sent Empower and Perez correspondence via FedEx and U.S. Mail setting the date of the Sworn Statement on May 21, 2019 in Miami, Florida. The correspondence provided "if this date is inconvenient for you, please let us know upon your receipt of this letter and provide three alternative dates within the two-week period commencing on May 20, 2019 for the taking of your Sworn Statement." Additionally, the

9210726-1

correspondence stated, "Please keep in mind that unless we hear from you, counsel for the Liquidating Trustee will be flying in and a court reporter will be retained for your Sworn Statement on May 21, 2019."

8.    Perez failed to appear for the Sworn Statement on May 21, 2019, and further failed to respond or attempt to reschedule the date of the Sworn Statement (*See* **Exhibit "D"** attached hereto, *Certificate of Non-Appearance*).

9.    Pursuant to Paragraph 2(B) of the Mediation Agreement, the Parties selected Morrison, Brown, Argiz & Farra, LLC, Certified Public Accountants and Advisors ("MBAF") as the Forensic Accountant to perform a forensic analysis on Empower and Perez's financials, as further described in the Mediation Agreement. Empower and Perez agreed to "fully cooperate with the Debtor and Committee's designated Forensic Accountant and provide the following list of documents: (*list omitted)*" (the "Forensic Analysis").

10.    On or about May 30, 2019, the Liquidating Trustee engaged the services of MBAF, as a consultant, to perform the forensic analysis of Empower and Perez's financials, as provided in the Mediation Agreement.

11.    On June 11, 2019, Marta Alfonso of MBAF sent correspondence via Fedex to Empower and Perez requesting production of the documents necessary to perform their forensic analysis and as required under the Mediation Agreement (the "Document Request"). The Document Request requested Empower to timely provide this information by no later than June 22, 2019. The Document Request included an address, email address, and phone number to reach Mrs. Alfonso; however, Empower and Perez failed to produce any documents before the deadline or correspond with Mrs. Alfonso regarding Document Request or the forensic analysis.

9210726-1

12.    As of the filing of this Motion, Perez and Empower have failed to communicate with the Trustee with respect to their obligations under the Mediation Agreement, including failing to appear for the Sworn Statement or participate in the forensic analysis.

13.    In the event the Forensic Accountant, Liquidating Trustee, . . . finds an undisclosed asset exceeding $250,000 in value, undisclosed transfer outside the ordinary course of business . . . exceeding $250,000.00 or there is an undisclosed combined aggregate net worth of the Empower Entities in excess of $1,000,000.00, then within thirty (30) days of being informed of such discovery, the Empower Entities have the following options:

   a. Transfer to the Debtor or liquidating Trustee the value of the additional asset(s), transfer(s), or the value of the amount of the aggregate combined net worth of the Empower Entities exceeding $1,000,000.00; or

   b. Agree to the entry of a judgment against the Empower Entities in favor of the Debtor or the Liquidating Trustee, as applicable, in the amount of $5,000,000.00 minus any Settlement Funds paid.

Mediation Agreement, ¶B(iii)(1) (a "Forensic Default").

14.    The Liquidating Trustee asserts that Empower and Perez's failure to cooperate in the Sworn Statement was in bad faith and, further, Empower and Perez's failure to participate in the Forensic Analysis as required under the terms of the Mediation Agreement creates an adverse inference that Empower and Perez would exceed the specified value thresholds constituting a Forensic Default.

15.    Further, because Empower and Perez decisively failed to participate in the forensic Analysis and cooperate under the Mediation Agreement which was negotiated in good faith,

9210726-1

Empower and Perez have lost the option to transfer the value of any additional assets set forth in 13(a) above—assuming they ever chose to participate in the Forensic Analysis.

16.    Accordingly, the Liquidating Trustee is entitled to Default Final Judgment against Empower and Perez, jointly and severally, in the amount of $5,000,000.00 as provided for in 13(b) above. As of the date of this Motion, Perez has not made any Settlement Fund payments.[2]

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that this Court enter an order in the form attached hereto as **Exhibit "E"** (i) granting the Motion; (ii) entering a Default Final Judgment against Empower and Perez, jointly and severely, in the amount of $5,000,000.00 plus interest at the applicable federal statutory rate, in the form attached hereto as **Exhibit "F"** and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 12, 2019

Respectfully submitted,

BERGER SINGERMAN LLP
*Co-Counsel for Liquidating Trustee*
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Telephone: (850) 561-3010
Facsimile: (850) 561-3013

By: */s/ Brian G. Rich*
Brian G. Rich
Florida Bar No. 38229
brich@bergersingerman.com
Michael J. Niles
Florida Bar No. 107203
mniles@bergersingerman.com

---

[2] Perez and Empower are required to make a $100,000 payment to the Trustee on or before August 19, 2019, pursuant to section 2(A)(i) of the Mediation Agreement and defined as the "Initial Settlement Payment." Based upon Perez and Empower's complete abdication of their obligations under the Mediation Agreement, the Trustee does not expect that they will make the Initial Settlement Payment. However, if they do make the Initial Settlement payment, the same will be credited against the requested Default Final Judgment.

5

NELSON MULLINS BROAD AND CASSEL
*Co-Counsel for Plaintiff*
2 South Biscayne Blvd.
21st Floor
Miami, Florida 33131
Telephone: (305) 373-9449
Facsimile: (305) 373-9443

-and-

100 S.E. 3rd Avenue
Suite 2700
Fort Lauderdale, Florida 33394
Telephone: (954) 745-5281
Facsimile: (954) 761-8135

By: */s/ Gary Freedman*
    Gary M. Freedman
    Florida Bar No. 727260
    gary.freedman@nelsonmullins.com
    Frank P. Terzo
    Florida Bar No. 906263
    frank.terzo@nelsonmullins.com
    Michael D. Lessne
    Florida Bar No. 73881
    michael.lessne@nelsonmullins.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 12th day of July, 2019, by (i) electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List; and (ii) regular, first class United States mail, certified mail, return receipt requested, postage fully-prepaid, and overnight delivery upon the parties listed on the attached Service List.

By: */s/ Brian G Rich*
    Brian G Rich

6

9210726-1

## CM/ECF SERVICE LIST

- Yussuf Abdel-aleem    john.wisiackas@aleemlaw.com
- Philip Alan Bates    pbates@philipbates.net, swalton@philipbates.net;abridges@philipbates.net;dwatts@philipbates.net
- Russell M. Blain    rblain.ecf@srbp.com, rblain@srbp.com
- Leyza F. Blanco    lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- Jason B. Burnett    jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com
- Seldon J. Childers    jchilders@smartbizlaw.com, ellen.lord@smartbizlaw.com;jkirkconnell@smartbizlaw.com;documents@prodoxprep.com;childers@ecf.courtdrive.com
- William H. Crawford    bkry@tcslawfirm.net, william@tcslawfirm.net;sam@tcslawfirm.net
- Daniel Charles Curth    danc@goldmclaw.com, mattm@goldmclaw.com;haroldi@goldmclaw.com;seanw@goldmclaw.com
- Denise D. Dell-Powell    ddpowell@deanmead.com, mgodek@deanmead.com
- Michael Patrick Dickey    mdickey@dunlapshipman.com, connie@dunlapshipman.com
- Jodi Daniel Dubose    jdubose@srbp.com, lhathaway@srbp.com;jdubose.ecf@srbp.com
- Ashlea Ann Edwards    ashlea.edwards@gray-robinson.com, emory.woodard@akerman.com
- Jason H. Egan    jason.h.egan@usdoj.gov
- Katherine Fackler    katherine.fackler@akerman.com, Jennifer.meehan@akerman.com;matthew.drawdy@akerman.com
- Gary M. Freedman    gfreedman@broadandcassel.com, daura.ospina@nelsonmullins.com
- Gary M. Freedman    gary.freedman@nelsonmullins.com, daura.ospina@nelsonmullins.com
- David Benjamin Honig    dhonig@hallrender.com, pmcfarland@hallrender.com;jthieke@hallrender.com
- Kathryn Michelle Jordan    michelle@blankenshipjordanpa.com, service@blankenshipjordanpa.com
- Matthew Ian Kramer    mkramer@wwhgd.com, mesteva@wwhgd.com
- Michael D. Lessne    Michael.lessne@nelsonmullins.com, Jennifer.phillips@nelsonmullins.com;lisa.negron@nelsonmullins.com
- Kenneth G. M. Mather    kmather@gunster.com, tkennedy@gunster.com;mweaver@gunster.com
- Courtney A. McCormick    cmccormick@mcguirewoods.com, flservice@mcguirewoods.com
- Ronald A. Mowrey    rmowrey@mowreylaw.com, firm@mowreylaw.com
- Arthur C. Neiwirth    aneiwirth@qpwblaw.com, aneiwirthcourt@aol.com;aneiwirthcourt@qpwblaw.com
- Michael J Niles    mniles@bergersingerman.com, bwalter@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com;jbullock@bergersingerman.com
- Nicole Mariani Noel    bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com

7

- Geoffrey J. Peters    gpeters@weltman.com, colnationalecf@weltman.com
- Brian G. Rich    brich@bergersingerman.com, efile@bergersingerman.com;jbullock@bergersingerman.com;efile@ecf.inforuptcy.com
- JAMES D. SILVER    jsilver@kelleykronenberg.com, raldama@kelleykronenberg.com
- Frank Paul Terzo    frank.terzo@nelsonmullins.com, Jennifer.phillips@nelsonmullins.com;lisa.negron@nelsonmullins.com
- United States Trustee    USTPRegion21.TL.ECF@usdoj.gov
- Adam M Walters    awalters@walterslawpc.com
- Sarah St John Walton    swalton@philipbates.net, pbates@philipbates.net;abridges@philipbates.net
- Alan Weiss    alan.weiss@hklaw.com, lynette.mattison@hklaw.com
- Madison Wilson    moconnell@conroysimberg.com
- David Luther Woodward    woodlaw@bellsouth.net, thetexasnole@bellsouth.net;woodwarddr89781@notify.bestcase.com

8

9210726-1

# SERVICE LIST

Jorge Perez
8770 SW 72nd Street
No. 459
Miami, FL 33173

Empower H.I.S. LLC
Attn.: Empower HIS LLC, Reg. Agent
Attn.:  Jorge Perez, President
8724 SW 72nd Street #459
Miami, FL 33173

9210726-1