FLNB Local Form 5

## **Exhibit Tag/ Cover Sheet**

**Party Submitting:** Marshall Glade, Liquidating Trustee    **Ex. #** ___1___

**Admitted:** Yes   or   No   (circle one)

**Debtor:** Campbellton-Graceville Hospital Corporation

**Case No.:** 17-40185-KKS

**Adv. No.:** N/A

**Nature of Hearing/Docket No.:**

**LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN (I) MARSHALL GLADE, LIQUIDATING TRUSTEE; AND (II) EMPOWER H.I.S. LLC AND JORGE A. PEREZ [ECF NO. 1465]**

**Dated:** _____, 2024

**By:**_____, Deputy Clerk

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
www.flnb.uscourts.gov


IN RE:                                                        Case No. 17-40185-KKS

CAMPBELLTON-GRACEVILLE HOSPITAL
CORPORATION,                                                  Chapter 11

    Debtor.
_____/


## DECLARATION OF MARSHALL GLADE IN SUPPORT OF SETTLEMENT AGREEMENT


I, Marshall Glade, as the Liquidating Trustee (the "Trustee") for the Campbellton-Graceville Hospital Corporation ("Debtor" or "Trust"), and pursuant to 28 U.S.C. § 1746, declares as follows:

1.    I am over 21 years of age and fully competent to make this Affidavit. Unless otherwise stated, I have personal knowledge of the facts set forth in this Affidavit.

2.    I submit this Affidavit in support of the Settlement Agreement (the "Settlement Agreement") between and among myself as Trustee; Empower H.I.S. LLC ("Empower") and Jorge Perez ("Perez" collectively with Empower, the "Empower Entities"). If called upon as a witness, I would testify competently to the facts and opinions set forth herein.

3.    I am a Managing Director at B. Riley Advisory Services with over 17 years of experience advising clients in the corporate finance and restricting space. I have worked in a number of interim management roles including Chief Restructuring Officers, Chief Financial Officer and has served as a financial advisor to debtors, unsecured creditor committees and chapter 11 trustee and has been appointed as liquidating trustee to debtors.

5076112-2

**Commencement of the Chapter 11 Case**

4.      On May 5, 2017 ("Petition Date"), the Debtor, Campbellton-Graceville Hospital Corporation filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Florida (the "Bankruptcy Court") which was assigned Case Number 17- 40185-KKS (the "Bankruptcy Case").  I served as the Chief Restructuring Officer of the Debtor during the Bankruptcy Case.

5.      On November 5, 2018, the Court entered an Order [ECF No. 882] confirming the *Second Amended Joint Chapter 11 Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, Filed by the Debtor and the Official Committee of Unsecured Creditors* [ECF No. 811] (the "Plan").

6.      On November 30, 2018, the Trust was established pursuant to the Plan, and, I was appointed as Liquidating Trustee of the Trust.

7.      After I participated in a mediation with Empower and Perez wherein a settlemet was reached.  Accordingly, on March 19, 2019, the Liquidating Trustee filed in the Bankruptcy Case, *Liquidating Trustee's Motion for Entry of an Order Approving Mediation Settlement Agreement Between (I) the Debtor, Campbellton-Graceville Hospital Corporation; (II) the Official Committee of Unsecured Creditors; and (III) Empower H.I.S. LLC and Jorge A. Perez [ECF No. 948], seeking the approval of a Mediation Settlement Agreement Between (I) the Debtor, Campbellton-Graceville Hospital Corporation; (II) the Official Committee of Unsecured Creditors; and (III) Empower H.I.S. LLC and Jorge A. Perez* (the "Mediated Settlement Agreement").

8.      On April 19, 2019, the Bankruptcy Court entered an *Order Granting Liquidating Trustee's Motion for Entry of an Order Approving Mediation Settlement Agreement Between (I)*

2

*the Debtor, Campbellton-Graceville Hospital Corporation; (II) the Official Committee of Unsecured Creditors; and (III) Empower H.I.S. LLC and Jorge A. Perez* [ECF No. 948] [ECF No. 1007], thereby approving the Mediated Settlement Agreement and directing the parties to comply with the terms thereof.

9.    Empower and Perez imemidatly defaulted under the terms of the Mediated Settlement Agreement and on October 1, 2019, the Liquidating Trustee filed *Liquidating Trustee's Renewed Expedited Motion for Entry of Final Judgment Against Empower H.I.S., LLC and Jorge A. Perez and Incorporated Memorandum of Law* [ECF No. 1130], seeking the entry of a default final judgment against the Empower Entities for their failure to comply with their obligations under Mediated Settlement Agreement.

10.    On November 15, 2019, the Bankruptcy Court entered a *Final Order Granting Liquidating Trustee's Renewed Expedited Motion for Entry of Final Judgment Against Empower H.I.S., LLC and Jorge A. Perez and Incorporated Memorandum of Law* [ECF No. 1172], which provided that the Court would enter a separate default final judgment in favor of the Liquidating Trustee and against the Empower Entities in the amount of $5,000,000.00.

11.    On December 20, 2019, the Bankruptcy Court entered a Final Judgment Against Empower H.I.S., LLC and Jorge A. Perez [ECF No. 1185], thereby entering judgment in favor of the Liquidating Trustee and against the Empower Entities in the amount of $5,000,000.00 (the "Perez Judgment").

12.    In an effort to enforce the Perez Judgment, on March 31, 2020, the Liquidating Trustee instituted proceedings supplementary against the Empower Entities in the Circuit Court in and for Miami-Dade County, Florida, in the case captioned Marshall Glade, Liquidating Trustee of the Campbellton-Graceville Hospital Liquidating Trust v. Empower H.I.S., LLC and

3

Jorge A. Perez, Case No: 2020-009431-CA-01 (the "Miami-Dade County Case") seeking a judgement avoiding transfers and authorizing the sale of certain real property located in Miami-Dade County. The Miami-Dade County Case is set for trial in June 2024.

13.    On April 20, 2020, the Liquidating Trustee commenced proceedings supplementary against Empower, Perez, Liansy C. Carbonell, and Empower Investment Group, LLC, in the Circuit Court in and for Monroe County, Florida, in the case captioned Marshall Glade, Liquidating Trustee of the Campbellton-Graceville Hospital Liquidating Trust v. Empower H.I.S. and Jorge A. Perez, Case No. 20-CA-00246-K (the "Monroe County Case" with the Miami Dade County Case, the "Proceeding Suplementary Actions") seeking a judgement avoiding transfers of and sell certain real property located in Monroe County.

14.    On March 16, 2023, the judge in the Monroe County Case issued a Final Default Judgment Avoiding Transfers and Appointing Receiver (the "Monroe Judgment"). The Defendants in the Monroe County Case filed an Appeal of the Final Judgment. (the "Appeal").

15.    On December 15, 2023, Perez was sentenced to eight years and four months in prison in that certain criminal proceeding pending in the Middle District of Florida, Case No. 3:20-cr-00086-TJC (the "Criminal Case"). The Criminal Case involved allegations related to the fraud that led to the Bankruptcy Case.

16.    On June 13, 2024, this Court entered the *Order Granting Liquidating Trustee's Fourth Motion To Extend The Termination Date of the Liquidating Trust Agreement* (ECF No. 1463) extending the termination date of the Trust through and including September 30, 2024. The basis for the extension of the Trust was to allow the Liquidting Trustee to, *inter alia,* to address and attempt to moentize the the Perez Judgment, if possible.

4

17.     On June 19, 2024, the Third District Court of Appeal issued an Opinion regarding the Appeal Affirming in part, reversing in part, and remanding the matter for further proceedings, "reversing the trial court's order to the extent that it directed the transfer and sale of certain property and requiring an evidentiary hearing related to the determination of the validity of Perez's homestead claim." See Appellate Order.

18.     Based upon all the facts and circumstances as described herein, the overall status of the Bankruptcy Case and the Trust, the looming prison sentence for Perez and the limited assets that appear available to satisfy the Perez Judgement, I personally engaged in settlement discussions with Perez and reached the settlement as set forth in the Settlement Agreement.

## The Settlement Agreement

19.     The Settlement Agreement provides an efficient mechanism to resolve the sole remaining issue in the  Trust, prior to the  planned final distribution and dissolution of the Trust on or before September 30, 2024.

20.     The Settlement Agreement resolves the Perez Judgment and provides for payment of $50,000.00 that would otherwise be unavailable to the Trust.  Jorge Perez has been sentenced to more than 8 years in prision and the Trustee has been unable to identify any additional assets that can be levied upon to provide a benefit to the  Trust.

21.     While the Settlement Agreement specifically carves out any restitution or forfeiture claims in the Criminal Case from the release setforth in the Settlement Agreement, the Department of Justice has asserted in its pleadings, in the Criminal Case, that "for the sake of simplicity, the Government is not seeking restitution for insurance payments to the Campbellton-Graceville Hospital (CGH) or Regional General Hospital (RGH). This approach simplifies the

5

5076112-2

restitution as to the three insurers to the time-period pertaining to Putnam Hospital as set forth herein"

22.     Further, I have been in discussions to sell the various unsatisfied judgments obtained  in this case through a remant asset sale. The inclusion of the Perez Settlement in the Remant Asset Sale would have resulted in an de minimis additional $2,000 purchase price.

23.     The settlement as set forth in the Settlement Agreement will allow the Trustee to conclude its efforts in pursuing the claims reserved to the Trust, disperse a final distribution to creditors, and dissolve the  Trust prior to September 30, 2024.

## The Settlement Meets the *Justice Oaks* Factors

24.     In my experience, the settlement set forth in the Settlement Agreemet is above the "lowest point in the range of reasonableness," and, in fact, far exceeds such standard.

25.     Based upon my experience in this Bankruptcy Case and other matters that I have been involved in in my career, I am well acquainted with the four-part standard for judicial approval of settlements in the 11th Circuit set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990):

1.     The probability of success in the litigation;

2.     The difficulties, if any, to be encountered in the matter of collection;

3.     The complexity of the litigation involved, and the expense, inconvenience and delay necessarily involved; and

4.     The paramount interest of the creditors and proper deference to their reasonable views.

26.     In my opinion, the Settlement Agreement meets each of the criteria set forth by the Courts for approving settlements and comrpomises in bankruptcy cases. After extensive discussions and negotiations, including several in-person meetings in my Atlanta, Georgia

6

5076112-2

offices, the Trust will receive a net payment of $50,000 and the parties will resolve their disputes and save the estate expenses associated with prosecuting the claims against the Empower Entities in the Proceeding Suplementary Actions. Based on review of the public records and title reports, any claim of the Trust as to the real property subject to the Proceeding Supplementary Actions would be subsequent to prior liens which would encompass any value derivied from such real property.

27.     Accordingly, the settlement as set forth in the Settlement Agreement eliminates all uncertainty relating to the litigation and the Perez Judgment.

28.     The issues of collection are further impacted by this settlement as Mr. Perez has been sentenced to over 8 years of prision making it more difficult to engage in further litigation, discovery and/or negotiations.

29.     The settlement described in the Settlement Agreement allows for the Liquidating Trustee to winddown and to make a final distribution to creditors and dissolve.

30.     Accordingly it is my reasoned business judgment that the settlement set forth in the Settlement Agreement is in the best interests of the Trust and creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August _2_ , 2024

*Marshall Glade*

By:  Marshall Glade, as Liquidating Trustee of the
Campbellton-Graceville Hospital Corporation.

7

5076112-2