FLNB Local Form 5

## **Exhibit Tag/ Cover Sheet**

**Party Submitting:**  Marshall Glade, Liquidating Trustee      **Ex. #**___5___

**Admitted:** Yes  or  No  (circle one)

**Debtor:** Campbellton-Graceville Hospital Corporation

**Case No.:** 17-40185-KKS

**Adv. No.:** N/A

**Nature of Hearing/Docket No.:**

**LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN (I) MARSHALL GLADE, LIQUIDATING TRUSTEE; AND (II) EMPOWER H.I.S. LLC AND JORGE A. PEREZ [ECF NO. 1465]**

**Dated:**  _____, 2024

**By:**_____, Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 3:20-cr-86(S1)-TJC-JBT

JORGE PEREZ
RICARDO PEREZ

**UNITED STATES' OPPOSED AMENDED[1] MOTION FOR A
PRELIMINARY ORDER OF FORFEITURE FOR
PROCEEDS AND FOR DIRECT AND SUBSTITUTE ASSETS**

The United States moves the Court, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, for the entry of (1) a preliminary order of forfeiture for proceeds in the amount of $45,523,355.97 against Jorge Perez, and $44,333,489.97 against Ricardo Perez, representing the proceeds the defendants personally obtained as a result of the offenses charged in Counts One through Six of the Indictment, for which both defendants were convicted, as well as (2) a preliminary order of forfeiture for the following funds and real properties, which were purchased or funded with proceeds and thus involved in the money laundering conspiracy as charged in Count Eight, for which both defendants were also convicted:

      a.      Approximately $246,546.95 in lieu of the real property located at 96000 Overseas Highway, Unit W-31, Key Largo, Florida 33037;

---

[1] The United States has corrected typographical errors related to two addresses and one purchase price from the prior motion (Doc. 1063). Each correction is notated with a footnote herein.

b.   Real property located at 96000 Overseas Highway, Unit M-4, Key Largo, Florida 33037, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Unit No. M-4 of Buttonwood Bay No. 7, a Condominium, according to the Declaration of Condominium recorded in Official Records Book 582, Page 803, and all exhibits and amendments thereof, Public Records of Monroe County, Florida.

Titled Owners: Jorge Perez & Liansy C. Carbonell, for a joint life estate, with a remainder to Christina Ada Perez and Elizabeth Estrella Perez, as joint tenants with the right of survivorship;

c.   Real property located at 13820 SW 142 Avenue, Miami, Florida 33186, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Condominium Unit No. 13820, of Tamiair Park Condominium No. 1, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 11140, Page 905, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

Titled Owner: Empower Investment Group LLC;

d.   Real property located at 15424 SW 175 Street, Miami, Florida 33187, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 13, in Block 25, of VENETIAN PARC WEST, according to the Plat thereof, as recorded in Plat Book 170, Page 27, of the Public Records of Miami-Dade County, Florida.

Titled Owner: Empower Investment Group LLC; and

e.   Real property located at 15434 SW 175 Street, Miami, Florida 33187, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

> Lot 14, in Block 25, of VENETIAN PARC WEST, according to the Plat thereof, as recorded in Plat Book 170, Page 27, of the Public Records of Miami-Dade County, Florida.
>
> Titled Owner: Empower Investment Group LLC.

Additionally, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), the United States moves for a preliminary order of forfeiture for the following, as a substitute asset in partial satisfaction of the preliminary order of forfeiture for proceeds: (3) any and all ownership interests that Jorge and Ricardo Perez have in Empower Investment Group LLC, Empower HIS LLC, and Hospital Partners Inc.

In support of its motion, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

#### I.     STATEMENT OF FACTS

##### A.     Allegations Against the Defendants

1.     The defendants were charged in a Superseding Indictment, in pertinent part, with conspiracy, in violation of 18 U.S.C. § 1349, to commit health care fraud (in violation of 18 U.S.C. § 1347) and wire fraud (in violation of 18 U.S.C. § 1343) (Count One), with a health care fraud scheme, in violation of 18 U.S.C. §§ 1347 and 2 (Counts Two through Six), with conspiracy, in violation of 18 U.S.C. § 1956(h) to commit money laundering (in violation of 18 U.S.C. § 1956(a)(1)(A)(i)) and illegal monetary transactions (in violation of 18 U.S.C. § 1957(a)) (Count Eight). Doc. 180.

2.  The Superseding Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), 982(a)(1), and 28 U.S.C. § 2461(c), the United States would seek a preliminary order of forfeiture for proceeds, which represents the amount of proceeds obtained from the offenses, and the funds and real properties identified above. *Id.* at 28-39. In addition, the United States sought forfeiture of substitute assets. *Id.* at 39.

3.  On April 22, 2022, the United States filed Bills of Particulars, which specifically identified the preliminary order of forfeiture for proceeds, funds, and real properties as being subject to forfeiture. Docs. 600 & 601.

**B.   Finding of Guilt**

4.  On May 9, 2022, a jury trial commenced and at the conclusion of the trial, the jury found both defendants guilty of Counts One through Six and Eight of the Superseding Indictment. Docs. 768 & 769.

5.  Sentencing is currently set for December 13, 2023. Doc. 1016.

**C.   Relevant Facts Established at Trial**

6.  At trial, the United States introduced evidence sufficient to obtain the defendants' convictions for conspiracy to commit health care fraud and money laundering conspiracy, specifically showing the trend of urine sample billing practices predicated on material misrepresentations to insurance carriers to maximize billing rates. The evidence was offered through the testimony of agents, hospital and

lab employees, medical and forensic experts, cooperating co-defendants, financial, bank, contract, and claim records.

## II. APPLICABLE LAW

### A. Forfeiture Authority

Because forfeiture is an aspect of sentencing, the United States need only prove by a preponderance of the evidence that the forfeiture requested is warranted. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999); *United States v. Hasson,* 333 F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

#### i. *Proceeds of the Health Care Fraud Conspiracy*

The forfeiture of assets obtained as a result of a conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, is governed by 18 U.S.C. § 982(a)(7). Section 982(a)(7) requires the forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a Federal health care offense. 18 U.S.C. § 982(a)(7). A "Federal health care offense," in turn, is defined in 18 U.S.C. § 24, and includes violations of 18 U.S.C. § 1349 relating to health care benefit programs.

Further, in sentencing a person convicted of a conspiracy, in violation of 18 U.S.C. § 1349, to commit health care fraud (18 U.S.C. § 1347) and wire fraud (18 U.S.C. § 1343), the Court's authority to enter a preliminary order of forfeiture for proceeds against the defendants and to forfeit specific assets is found in 18 U.S.C. §

5

981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7)(F) of Title 18), or a conspiracy to commit such offenses (specifically 18 U.S.C. § 1347). *See* 18 U.S.C. § 981(a)(1)(C). A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7)(F) includes any act or activity constituting an offense involving a "Federal health care offense." "Federal health care offense," in turn, is defined in 18 U.S.C. § 24 to include violations of 18 U.S.C. § 1347 relating to health care benefit programs. A "specified unlawful activity" also includes any offense listed in section 1961(1), which, in turn, includes any violation of wire fraud (18 U.S.C. § 1343). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

ii.     *Property Involved in an Illegal Monetary Transaction*

The forfeiture of assets involved in an illegal monetary transaction, in violation of 18 U.S.C. § 1956, is governed by 18 U.S.C. § 982(a)(1). Section 982(a)(1) requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property. 18 U.S.C. § 982(a)(1). The phrase "involved in" has been interpreted broadly by courts to include "any property involved in, used

6

to commit, or used to facilitate the offense." *United States v. Seher*, 562 F.3d 1344, 1369 (11th Cir. 2009) (internal quotations omitted).

> ### iii. Substitute Assets

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), which is incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1). As relevant here, section 853(p) provides that if — as a result of any act or omission of the defendant — property subject to forfeiture has been transferred or sold to, or deposited with, a third party, or has been commingled with other property which cannot be divided without difficulty, the court shall order the forfeiture of any other property of the defendant, up to the value of any property subject to forfeiture. *See* 21 U.S.C. § 853(p)(1)-(2); *see also United States v. Soreide*, 461 F.3d 1351, 1352 n.1 (11th Cir. 2006) (per curiam) (section 853(p) "provide[s] for forfeiture of substitute assets of the defendant if the property involved in or traceable to the crime is not available for forfeiture.").

Rule 32.2(e)(1)(B) further provides that, on the United States' motion, the Court may "at any time" enter an order of forfeiture to include substitute property that qualifies for forfeiture under an applicable statute. Indeed, if the government establishes that the property is subject to forfeiture under Rule 32.2(e)(1), the court "must" enter an order forfeiting the property. Rule 32.2(e)(2)(A).

Unlike other types of forfeiture under 21 U.S.C. § 853 and Rule 32.2(e)(1)(B), there is no nexus or tracing requirement for the forfeiture of substitute property under

21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B). By definition, substitute property can be "any" property of the defendant. In fact, substitute assets are only forfeitable because the traceable and directly forfeitable property is unavailable. *See* 21 U.S.C. § 853(p); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that any property of the defendant may be forfeited as a substitute asset and that Courts cannot carve out exceptions to the statute).

Any of the defendant's property having less than or equal value to forfeited property can be substituted where a defendant has concealed or disposed of the proceeds of the illegal activity or property derived from those proceeds. *See United States v. Reed,* 924 F.2d 1014, 1017-18 (11th Cir. 1991) (business building in defendant's name which, after verdict of forfeiture, was encumbered and then transferred to third parties was forfeitable as substitute asset). As the Seventh Circuit noted, a defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy an outstanding forfeiture order. *See United States v. Carroll*, 346 F.3d 744 (7th Cir. 2003).

### B.    Court's Determination of Forfeiture

Federal Rule of Criminal Procedure 32.2 governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1)(A) requires that, as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court "must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P.

8

32.2(b)(1)(A). If the government seeks a personal judgment, the court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P. 32.2(b)(1)(A). Where the government seeks forfeiture of specific assets, the court must determine whether the government has established the requisite nexus between the property and the offenses. *Id.* The Court's determination may be based "on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

When a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the Court's obligation to forfeit simply takes the form of an order of forfeiture for proceeds in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Here, the United States could not locate all the specific property constituting or derived from the proceeds Jorge and Ricardo Perez obtained from their participation in the health care fraud conspiracy, and likewise could not locate proceeds involved in their money laundering activity. Thus, pursuant to Rule 32.2(b)(2), the United States seeks a preliminary order of forfeiture for proceeds and involved in property against Jorge and Ricardo Perez.

Once the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(2)(a). The

preliminary order of forfeiture entered becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

## III. LEGAL ARGUMENT

From the testimony and exhibits presented at trial, and the additional evidence to be presented at sentencing and provided herein, the Court will have a sufficient factual basis to enter an order of forfeiture against Jorge and Ricardo Perez for proceeds obtained from the health care fraud conspiracy, for the real properties involved in their money laundering activity, and for substitute assets.

Specifically, trial record evidence showed that the conspirators billed urine sample testing through rural hospitals to ensure a higher billing rate. Melissa Parks, claims data analyst and Principal at the health care accounting firm Myers and Stauffer, LLC, testified that total billings for the four hospitals represents $942.8 million, with payments representing $222.5 million. Trial Tr. Vol. XIII at 99-100 & 144. The additional evidence, as set forth herein and to be presented at sentencing, will show that of those hundreds of millions of claims payments, Jorge and Ricardo Perez received health care fraud conspiracy proceeds from insurance carriers into accounts held in the name of Empower HIS, Empower Investment Group, and Hospital partners.

Thus, the same evidence supporting the convictions against Jorge and Ricardo Perez for Counts One through Six, and Eight, coupled with the additional relevant and reliable information, will be sufficient to support the Court's determination of its

preliminary order of forfeiture for proceeds, directly traceable asset, and substitute assets, against Jorge and Ricardo Perez by a preponderance of the evidence.

### A. Proceeds Jorge and Ricardo Perez Obtained as a Result of the Health Care Fraud Conspiracy

At trial, the United States entered evidence that showed the movement of the health care fraud proceeds from insurance companies like Florida Blue, UHC, and Aetna to Empower HIS, Empower Investment Group, and Hospital Partners. Because the trial focused on the overall loss amount, to the tune of total billings for the four hospitals, the United States intends to present at sentencing additional evidence to show the specific proceeds that Jorge and Ricardo Perez's obtained as a result of their health care fraud conspiracy, with preliminary discussion herein.

As set forth more fully in Table 1 below, Jorge and Ricardo Perez obtained proceeds of their health care fraud conspiracy through their ownership of Empower HIS LCC, Empower Investment Group LLC, and Hospital Partners Inc. Proceeds of the health care fraud conspiracy were traced into the respective entity's bank accounts with TD Bank and Farmers Bank of Northern Missouri, for which Jorge Perez held signatory over Farmers Bank of Northern Missouri bank account and Ricardo Perez held signatory authority over the remaining three TD bank accounts. As indicated below, the gross proceeds of the health care fraud conspiracy into the four bank accounts, collectively, totals $45,523,355.97.[2]

---

[2] In the Superseding Indictment (Doc. 180 at 31), the United States sought the sum of at least $46,286,878.58 from Jorge and Ricardo Perez.

| Table 1 | | | | |
| --- | --- | --- | --- | --- |
| SUMMARY OF HEALTH CARE FRAUD PAYMENTS TO EMPOWER HIS LLC | | | | |
| Account | Account Holder | Bank | Signatories | Fraud Proceeds |
| 4301769018 | Empower HIS LLC | TD Bank | Ricardo Perez & Jorge E. Perez | $42,772,759.41 |
| 4302920809 | Empower Investment Group LLC | TD Bank | Ricardo Perez & Jorge E. Perez | $1,260,730.56 |
| 6755881779 | Empower HIS LLC | TD Bank | Ricardo Perez & Jorge E. Perez | $300,000.00 |
| 779768 | Hospital Partners Inc | Farmers Bank of Northern Missouri | Jorge Perez & David Byrns | $1,189,866.00 |
| | | | | $45,523,355.97 |

Despite Jorge Perez having signatory authority over only one of the four accounts (which received $1,189,866.00 in fraud proceeds), evidence introduced at trial, and which will be further elaborated on at sentencing, established that after insurance companies sent reimbursements to the hospitals, Jorge Perez distributed (or directed the distribution of) the proceeds to Empower, other companies he controlled, and to companies controlled by conspirators including J. Porter and Rojas.

Accordingly, the United States requests that the Court enter a preliminary order of forfeiture for proceeds in the amount of $45,523,355.97 against Jorge Perez, and a preliminary order of forfeiture for proceeds in the amount of $44,333,489.97 against Ricardo Perez, which represents the amounts each defendant obtained as a result of their participation in the conspiracy to commit health care fraud, as

supported by the trial record.[3] Since Jorge and Ricardo Perez no longer have these funds, or they have been transferred or commingled with other property, which cannot be divided without difficulty, pursuant to Rule 32.2(b)(2) and 21 U.S.C. § 853(p), it is appropriate for the Court to enter a $46,286,878.58 preliminary order of forfeiture for proceeds and authorize the United States to forfeit substitute assets.

### B.    Health Care Fraud Proceeds Traceable to Real Properties

At trial, since the defendants waived their right to a jury determination of the forfeiture, the United States did not present evidence of the directly traceable properties. However, the evidence supporting the traceability of the real properties to health care fraud proceeds was provided to defense counsel for both Jorge and Ricardo Perez during the trial, both in the form of visual flow charts as well as excel spreadsheets and are incorporated herein by reference. The content of those previously disclosed materials, which were marked up as evidence for the forfeiture proceeding that did not occur due to the waiver, is summarized below, and represents relevant and reliable information upon which the Court can determine the traceability of the real properties to Jorge and Ricardo Perez's convictions for health care fraud conspiracy as charged in Count One as well as the real properties' involvement in the money laundering conspiracy as charged in Count Eight, for which both defendants were convicted.

---

[3] Because the total amount of fraud proceeds the defendants obtained was $45,523,355.97 , the United States will not seek to collect more than $45,523,355.97 in total from both defendants.

    i.  *$246,546.95 in Lieu of 96000 Overseas Highway Unit W-31*

For the real property located at 96000 Overseas Highway Unit W-31, Key Largo, Monroe County, Florida, which was Asset I as indicated in the Superseding Indictment (Doc. 180 at 32), approximately $536,503.62 out of $578,534.06, which is 92.74% of the funds used to purchase the real property, was traced to the health care fraud conspiracy charged in Count One, for which Jorge and Ricardo Perez were convicted. Docs. 768 & 769; Exhibits A & B. Because health care fraud proceeds were used to purchase this real property, in an amount greater than $10,000, the property was also involved in the money laundering conspiracy, for which the defendants were both convicted. *Id.* Since the parties entered into an agreement for the purposes of selling the property during the pendency of this case, the $246,546.95 represents the sales proceeds now available for forfeiture in lieu of the property.

    ii.  *96000 Overseas Highway Unit M-4*

For the real property located at 96000 Overseas Highway Unit M-4, Key Largo, Monroe County, Florida, which was Asset J as indicated in the Superseding Indictment (Doc. 180 at 33), approximately $578,567.00 out of $631,922.04, which is 92.6% of the funds used to purchase the real property, was traced to the health care fraud conspiracy charged in Count One, for which Jorge and Ricardo Perez were convicted. Docs. 768 & 769; Exhibits C & D. Because health care fraud proceeds were used to purchase this real property, in an amount greater than $10,000, the

14

property was also involved in the money laundering conspiracy, for which the defendants were both convicted. *Id.* To date, this real property has not been sold.

      *iii.*    *13820 SW 142 Avenue*

For the real property located at 13820 SW 142 Avenue, Miami, Miami-Dade County, Florida, which was Asset K as indicated in the Superseding Indictment (Doc. 180 at 33), approximately $123,298.45, which is 100% of the funds used to purchase the real property, was traced to the health care fraud conspiracy charged in Count One, for which Jorge and Ricardo Perez were convicted. Docs. 768 & 769; Exhibits E & F. Because health care fraud proceeds were used to purchase this real property, in an amount greater than $10,000, the property was also involved in the money laundering conspiracy, for which the defendants were both convicted. *Id.* To date, this property has not been sold.

      *iv.*    *15424 SW 175 Street*

For the real property located at 15424[4] SW 175 Street, Miami, Miami-Dade County, Florida, which was Asset L as indicated in the Superseding Indictment (Doc. 180 at 33), approximately $411,584.84[5], which is 100% of the funds used to purchase the real property, was traced to the health care fraud conspiracy charged in Count One, for which Jorge and Ricardo Perez were convicted. Docs. 768 & 769;

---

[4] The prior motion incorrectly listed 15242 SW 175 Street.

[5] The prior motion listed $406,000 as the amount of fraud proceeds used to purchase this property. While $406,000 was the purchase price, the buyers ultimately paid $411,584.84 after settlement charges, closing costs, etc., in fraud proceeds to purchase this property. *See* Exhibits G & H.

Exhibits G & H. Because health care fraud proceeds were used to purchase this real property, in an amount greater than $10,000, the property was also involved in the money laundering conspiracy, for which the defendants were both convicted. *Id.* To date, this property has not been sold.

        *v.*      *15434[6] SW 175 Street*

For the real property located at 15434 SW 175 Street, Miami, Miami-Dade County, Florida, which was Asset M as indicated in the Superseding Indictment (Doc. 180 at 34), approximately $478,081.83 out of $480,397.36, which is 99.5% of the funds used to purchase the real property, was traced to the health care fraud conspiracy charged in Count One, for which Jorge and Ricardo Perez were convicted. Docs. 768 & 769; Exhibits I & J. Because health care fraud proceeds were used to purchase this real property, in an amount greater than $10,000, the property was also involved in the money laundering conspiracy, for which the defendants were both convicted. *Id.* To date, this property has not been sold.

### C.    Substitute Assets in Partial Satisfaction of Order for Proceeds

As noted previously, the United States maintains that Jorge and Ricardo Perez have transferred their health care fraud proceeds to a third party or have commingled them with other property, which cannot be divided without difficulty. Because as a result of Jorge and Ricardo's actions, the proceeds are no longer available to be

---

[6] The prior motion incorrectly listed 15343 SW 175 Street as the address in the title and in the body of this paragraph.

forfeited, the United States seeks an order of forfeiture for substitute assets, including any and all of Jorge and Ricardo Perez's interest in Empower Investment Group LLC, Empower HIS LLC, and Hospital Partners Inc, an order for any real property that the Court does not determine to be directly traceable but remain titled to Empower Investment Group LLC, Empower HIS LLC, and Hospital Partners Inc,, and any additional substitute asset(s) if any are located. Upon issuance of the orders of forfeiture for proceeds and involved in property, the United States will be entitled to seek forfeiture of any of Jorge and Ricardo Perez's assets to satisfy their orders of forfeiture. The net proceeds from the sale of the subject property will be credited in partial satisfaction of Jorge and Ricardo Perez's orders of forfeiture for proceeds. Further, the United States will not seek to collect more than $45,523,355.97, in total, from the defendants.

## III.   Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), 982(a)(1), and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), enter a preliminary order of forfeiture for (1) proceeds in the amount of $45,523,355.97 against Jorge Perez, and $44,333,489.97 against Ricardo Perez, which reflects the proceeds they personally obtained as a result of their participation in the conspiracy to commit health care fraud, (2) the aforementioned real properties, which were each involved in their money laundering conspiracy, and (3) any and all ownership interests that Jorge and Ricardo Perez

17

have in Empower Investment Group LLC, Empower HIS LLC, and Hospital Partners Inc, in partial satisfaction of the preliminary orders of forfeiture for proceeds.

In accordance with Rule 32.2(b)(4)(A), the United States further requests that the preliminary orders of forfeiture for proceeds become final as to Jorge and Ricardo Perez at the time they are sentenced.

As required by Fed. R. Crim. P. 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that, because the proceeds were dissipated or commingled by Jorge and Ricardo Perez, the United States may seek, as a substitute asset, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), forfeiture of any of their property up to the amount of the preliminary order of forfeiture for proceeds.

Finally, the United States further requests that the Court retain jurisdiction to enter any order necessary for the forfeiture and disposition of any substitute assets forfeited to the United States up to the amount of the preliminary order of forfeiture for proceeds, and to address any third-party claim that may be asserted in these proceedings.

18

Pursuant to Local Rule 3.01(g), undersigned counsel consulted with defense counsel for Jorge and Ricardo Perez, and they object to the relief sought in this motion.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-Mail: jennifer.harrington2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney